**ROBINSON DRILLING CO., Inc. v. MOSES.**

**No. 2996.**

Court of Civil Appeals of Texas. Eastland.

March 20, 1953.

H. J. Brice, Snyder, for appellant.

C. F. Sentell, Snyder, for appellee.

COLLINGS, Justice.

This is a damage suit brought by O. C. Moses against Robinson Drilling Company, a corporation. It was alleged by Moses

that he had rented the east one-half of Section 147, Block 97, H. & T. C. Ry. Co. Survey in Scurry County, Texas, for farming purposes and that an oil and gas lease held by the drilling company was subsequent and subject to his rental contract; that on or about November 1, 1951, after he had made, but before he gathered his cotton crop, the Robinson Drilling Company entered upon the land and into his cotton field and began drilling operations for two oil wells; that in the course of such operations the defendant destroyed the cotton on about five acres of land which was of the reasonable market value of $204.30; that three acres of the land was badly packed by reason of such drilling operations and plaintiff had to re-work same in order to get it ready for further farming use; that the cost and value of such extra work was $225.

Plaintiff plead, in the alternative, that in the event he should be wrong as to the priority of his rights in the land, that all of the alleged damages were in excess of such damages as would have occurred to him had defendant used only the amount of land reasonably necessary for the drilling of the wells. Plaintiff prayed judgment for his alleged damages in the sum of $429.30. The case was tried before the County Court without a jury and Moses was granted judgment in the sum of $250. Robinson Drilling Company has brought this appeal.

In appellant's first point it is contended in effect that the court erred in rendering any judgment for plaintiff when the pleadings and evidence show that plaintiff was a tenant in possession of the surface of the land under an oral rental agreement which was subsequent and subject to the prior oil and gas lease, of which plaintiff had full knowledge and notice, and under which the drilling operations in question and resultant damages occurred, when plaintiff did not allege or prove that appellant was negligent or that appellant used more land than was reasonably necessary in drilling the two oil wells.

■■■ The evidence shows that Moses first went upon the land under an oral rental contract for the year 1942 and that

he has remained thereon as a tenant continuously since that time. Where a lessee holds over under an oral agreement, even if the oral agreement was that he might have the premises as long as he desired, the tenancy is not perpetual but is one from year to year. Hill v. Hunter, 157 S.W. 247 (Writ Ref.); Urban et ux. v. Crawley, Tex.Civ.App., 206 S.W.2d 158 (Ref.N.R.E.). Plaintiff's rental agreement which was in effect on November 1, 1951, when the oil wells were drilled and when the alleged damage occurred, covered only the year 1951 and was, therefore, not prior to appellant's oil and gas lease. The evidence shows that on September 5, 1944, the landlord and owner of the premises made and delivered the oil and gas lease to W. S. Gutherie covering the land in question, which leasehold interest was assigned to George P. Livermore and by him was transferred and assigned to appellant Robinson Drilling Company. The oil and gas lease was executed, delivered and recorded, and Moses had notice and actual knowledge thereof prior to the oral surface lease under which he held. Under such circumstances the surface lease was subject to appellant's rights under the oil and gas lease. Thereafter, appellant informed Moses of its intention to begin drilling operations upon the land and drilled two oil wells thereon.

■■ Where the lessee of the surface of land takes same subject to an oil and gas lease, the holder of the oil and gas lease, in the absence of a specific clause relating to surface damages, has the right to use as much of the surface and to use it in such manner as is reasonably necessary to effectuate the purpose of the lease. Meyer v. Cox, Tex.Civ.App., 252 S.W.2d 207 (Err.Ref.). A lessee of the surface who seeks to recover damages in such cases has the burden of alleging and proving either specific acts of negligence, Placid Oil Co. v. Lee, Tex.Civ.App., 243 S.W.2d 860, and cases there cited or that more land was used for the drilling operation than was reasonably necessary. West Central Drilling Company v. Malone, Tex.Civ. App., 219 S.W.2d 601 and authorities there cited.

There is no allegation or proof that appellant was guilty of any specific acts of negligence nor is there any proof that appellant used more land than was reasonably necessary in drilling the two oil wells. Appellant's first point is well taken and must be sustained.

We have not discussed the measure of damages applied in this cause but in view of another trial, it is to be noted that the proper measure of recovery for the wrongful destruction of a growing crop is the value of the crop just as it stood on the ground at the time and place of its destruction. 13 Tex.Jur., pages 42, 43, 44.

For the reasons stated, the judgment of the trial court is reversed and remanded for another trial.