66 So.2d 430 (1953)
SMITH
v.
SCHUSTER.
No. 8003.
Court of Appeal of Louisiana, Second Circuit.
June 30, 1953.
Smith, Hunter, Risinger & Shuey, Shreveport, for appellant.
Hussey & Smith and Charles O. Hardey, Shreveport, for appellee.
GLADNEY, Judge.
Mrs. Gladys B. Smith, as owner of 462/3 acres of land situated in Caddo Parish, Louisiana, instituted this suit to recover damages allegedly caused by drilling and production operations of the defendant, holder of a mineral lease on said property. After a plea of vagueness was sustained, plaintiff itemized her claim as follows:

(1) "To filling pits and leveling
 ground around the
 Smith No. 1 well, petitioner
 employed W. M.
 Greer to do the work
 with a bulldozer for the
 customary price of $12.00
 per hour, the work taking
 a full day of ten hours,
 amounting to the total
 sum of $120.00, which was
 paid by plaintiff on
 August 15, 1952 ......... $120.00
(2) "For constructing a protective
 fence around the
 tank battery used by defendant
 in connection
 with the operation of the
 Smith No. 2 well, petitioner
 engaged Mr. Paul
 Barber, an experienced

*431
 fence man, who erected
 437 feet of hog and barbed
 wire fence at 30¢ per
 foot, plus the sum of $8.74
 for supports and posts for
 opening to permit lessee
 ingress and egress, or a
 total amount of $139.84,
 which was paid by plaintiff
 on August 21, 1952 ............. $139.84
(3) "For cleaning off the debris
 left as a result of the
 drilling operations, plaintiff
 employed Richard
 Gray at 75¢ per hour for
 an eight-hour day for
 6½ days and paid him
 the sum of $10.00 for use
 of his tools, team and
 wagon to remove the debris
 left by the lessee on
 the leased premises ...... $ 50.00
(4) "For destruction of trees
 as a result of burning
 flares, waste oil and piling
 dirt around trees and
 cost of clearing the same
 from the land, plaintiff
 has suffered damages in
 the sum of $185.21, all of
 which will be shown upon
 trial hereof ............. $185.21
 ________
 Total $495.05

The defendant through answer denied generally any of the indebtedness alleged and by way of reconvention claimed $1,725 for interference by plaintiff with his operations. After trial there was judgment rejecting both the main and reconventional demands. From this judgment plaintiff has appealed and defendant has answered the appeal to ask recognition of the reconventional demand in the sum of $813.50.
In June, 1949, plaintiff executed a mineral lease which was on October 25, 1951, assigned to defendant, C. R. Schuster, insofar as it affected the property with which we are here concerned. In the latter part of 1951 and the early part of 1952 defendant completed two producing wells known as Smith No. 1 and Smith No. 2. In the course of his drilling operations Schuster dug pits and constructed tanks and other facilities to service said wells. On July 3, 1952, plaintiff's husband, acting on her behalf, wrote defendant to advise him that he contemplated certain improvements to the surface of the property which would require the building of a fence that would enclose defendant's three oil tanks situated on the premises. It was requested the tanks be moved so as to not interfere with plaintiff's intended use of the property, that the slush pits which were no longer of use be leveled off, and that the property be restored as nearly as possible to its proper condition. Defendant replied to said letter offering full cooperation, whereupon Mr. Smith again wrote to defendant to suggest that defendant `phone him of a convenient time at which they could inspect the property and defendant could be informed as to what improvements were anticipated by the plaintiff. The testimony indicates that thereafter defendant did not contact Mr. Smith nor did he make any effort to actively cooperate as promised. Subsequently, plaintiff completed the improvements contemplated and on September 3,1952, a written demand was made upon defendant for the payment of the sum of $459.84.
Plaintiff's brief filed in this suit abandons all claims for damages other than items numbered One and Three, totaling $170. We assume this as admission satisfactory proof was not made of the other items.
There is presented for our consideration: First, the question as to whether plaintiff has presented sufficient evidence of damages to the extent of $170, and, Second, the question of whether or not defendant has established his demands in reconvention as to justify an award of $813.50.
A mineral lessee, of course, has no right to extend his operations on the leased premises beyond what is reasonably necessary to effectively produce minerals under the terms of his contract. He should maintain and restore the premises in the condition he found them subject to his rightful use, and where he has damaged the land it is his duty to appropriately remedy *432 the condition brought on by his use of the lease. Except to this extent he has no right to interfere with the surface owner's full enjoyment of his property.
The evidence in this case is convincing that plaintiff expended $120 in filling the pit and leveling the ground around Smith No. 1 well. Defendant, himself, testified he intended to level and fill up the pits which were no longer required. Some contention was made that in order to rework Smith No. 1 a small pit would be required. However, the testimony on this point is not satisfactory. Following repeated demands to no avail, we think plaintiff justified in rectifying the situation and exacting reimbursement. The claim of $50 for clearing off the debris was itemized and supported by proof, and, in our opinion, should be allowed. Plaintiff should receive judgment for this amount.
There remains only to be determined the validity of defendant's demands in reconvention. We find no difficulty in concluding that such demands are without merit and were properly disallowed by the district court. The reconventional demands are predicated upon the loss of production of 179 barrels of oil at $2.70 per barrel and for $375 as the cost of a road which defendant alleged was seized and converted to plaintiff's use without compensation. There is no substantial proof to support these items and it was not made clear the alleged loss, if any, was caused by plaintiff. It follows, therefore, that the judgment from which appealed should be reversed insofar as it rejected the demands of the plaintiff for $170 and should be affirmed insofar as it denies the reconventional demands of the defendant.
It is, therefore, ordered, adjudged and decreed that there be judgment in favor of Mrs. Gladys B. Smith and against the defendant, C. R. Schuster, in the full sum of $170 with legal interest thereon from date of judicial demand until paid, and it is further ordered that the reconventional demands of defendant be rejected. Defendant, appellee, is cast for all costs of this suit, including cost of this appeal.