**AUSTIN ROAD COMPANY, Appellant,**

v.

**John H. BOSTON et ux., Appellees.**

No. 3241.

Court of Civil Appeals of Texas.

Eastland.

July 13, 1956.

Rehearing Denied Aug. 3, 1956.

Edwin A. Nesbitt, Dallas, Thompson & Stripling, Nacogdoches, for appellant.

Robert K. Ramsey, Terrell, for appellees.

GRISSOM, Chief Justice.

Boston and wife sued Austin Road Company and R. W. McKinney for damages to 37.9 acres of land caused by actions of the defendants under an option and a lease of said land to Austin for the purpose of exploring for and mining stone. Plaintiffs alleged that Austin obtained an option to lease said land for mining stone; that it exercised the option and the Bostons executed such a lease; that the purpose of the option was to "explore" the premises and, in the event marketable stone was found, to obtain a lease by paying the Bostons $150. The lease expressly provided that the land was leased for the purpose of excavating, processing and marketing stone; it expressly provided that Austin had the right of ingress and egress and the right to build roads, erect buildings and machinery and make all other necessary improvements. It fixed the price of stone removed from the premises but provided that there was no obligation, either express or implied, to produce sand, gravel or stone but, if produced, the royalty was to be paid as provided in the lease. The Bostons alleged that after execution of the option and lease Austin caused the premises to be explored to determine whether it contained marketable stone that met the specifications of the State; that after the premises were tested and explored Austin paid them $150 and the lease became effective; that Austin, its agents and employees, brought on the premises heavy equipment and commenced operations that permanently damaged the land; that they brought in bulldozers, graders, tractors, road building and rock crushing equipment; that they pushed and tore down trees and graded roads; that the roads were graded without consideration for the natural drainage; that they "cleared away" top soil, leaving bare rock exposed and that large boulders were unearthed and left on the surface. Plaintiffs alleged the conclusion that the lease did not permit Austin to do said things and that they were outside the purpose and intent of said lease and unnecessary in connection with excavating, processing and marketing of stone, "other than the stripping operation"; that McKinney was "involved in the damage"; that there was no contract with McKinney and he had no right on the land except under his contract with Austin. The Bostons

further alleged that defendants did not sell any stone, moved off the premises and made no effort to fill up the holes, level the roads or repair the damage done and that "the damage done to the real estate is a permanent and lasting damage and is incapable of being repaired".

The jury found that (1) injury to the plaintiffs' land did not result from the "activities of R. W. McKinney towards the production of rock from the lands"; that (4) injury resulted to plaintiffs' land "as a result of activities by the Austin Road Company toward the production of rock from the lands"; that (5) the value of the land before the operation by Austin was $3,979.50, and that its value afterwards was $2,179.50. The court rendered judgment against Austin for all damages done to plaintiffs' land by all said operations, to wit, $1,800, and Austin has appealed.

■ It is undisputed that most of the acts complained of were done by McKinney. The contract between Austin and McKinney shows that, so far as it is concerned, McKinney was an independent contractor. Before the Bostons were entitled to recover from Austin any damages to the land caused by McKinney it was necessary that the evidence show conclusively, or that the plaintiffs obtain a finding, that McKinney was an agent or employee of Austin. The evidence is certainly not conclusive that McKinney was an agent or employee. Such an issue was not submitted to the jury.

■ There was no finding that any act of Austin constituted negligence. There was no finding that in doing the acts charged against it Austin used more of the land or did anything that was not neces-

sary in properly conducting the operations authorized by the option and lease. Plaintiffs alleged that the option authorized Austin to "explore" plaintiffs' land for the purpose of determining whether it contained rock that met the specifications required by Austin's contract with the State. There is no finding that Austin did anything in exercising its rights under the option that was not authorized by it. Under the lease Austin was impliedly authorized to do everything reasonably necessary for mining rock. There is no finding that Austin did anything not reasonably necessary to mine rock. Under both the option and lease Austin was authorized to do, at least, some of the things that damaged the land, yet judgment was rendered against Austin for all of the damages done to the land, regardless of whether it was authorized by its contracts and regardless of whether it was done by an independent contractor. McKinney was not found to be either the agent or employee of Austin. Discovery and mining of rock and doing all things reasonably necessary therefor were certainly authorized. To sustain the judgment plaintiffs were required to prove that the damages recovered were caused by the negligence of Austin or that it used more of plaintiffs' land than was reasonably necessary to do the things authorized by the contracts. Austin had the right to use as much of the surface, and to use it in such manner, as was reasonably necessary to effectuate the purposes of the option and lease. Placid Oil Co. v. Lee, Tex. Civ.App., 243 S.W.2d 860; Meyer v. Cox, Tex.Civ.App., 252 S.W.2d 207, 208 (Writ Ref.); Robinson Drilling Co. v. Moses, Tex.Civ.App., 256 S.W.2d 650, 651, and Warren Petroleum Corp. v. Martin, 153 Tex. 465, 271 S.W.2d 410, 413. The judgment is reversed and the cause remanded.