**WARREN PETROLEUM CORPORATION,**
Appellant,

v.

Maggie MONZINGO et al., Appellees.

No. 6942.

Court of Civil Appeals of Texas.

Texarkana.

Feb. 14, 1957.

Rehearing Denied March 7, 1957.

Warren M. Sparks, O. Gordon Oldham, Tulsa, for appellant.

Smith & Hall, Marshall, for appellees.

CHADICK, Chief Justice.

This is a suit for damages to the freehold estate in the land, and the trial court judgment is affirmed.

Maggie Monzingo and her children as owners and lessors of 130 acres in Harrison County sued their lessee under a mineral lease, Warren Petroleum Corp'n, to collect $2,500 for damages to the freehold estate in such land, allegedly inflicted by Warren in its exploratory operations in drilling a well for oil. Exploratory operations were begun on such land in May of 1953 and drilling ceased and the well was abandoned in August or September as being non-productive; however, Warren continued removal and clean-up work into 1954.

In the course of the exploration operation, Warren dug slush pits, graded to a level a space on the side of a hill on which it erected a derrick, boilers, and other equipment used and useful in conducting the drilling operation. The drill site could be reached by an established road, but Warren graded and built another road at a different location.

In digging slush pits and leveling ground at the site of the drilling operation several terraces then in place on the land were cut or leveled out. After abandonment, Warren filled two of the pits and made as much fill in the third as it thought was warranted under oil field practices and then fenced the pit. The oil and gas lease expired October 13, 1953, but in 1954 Warren returned, removed the fence and made an additional fill. In the same year Warren made repairs to

some of the terraces that had been cut and filled in the washes in connection therewith.

For the purpose of the disposition made of this case, paragraphs II and III of appellee's trial petition are material and are quoted, to-wit:

## II.

"Plaintiffs state that pursuant to the terms of said lease, defendant drilled a well upon said tract, and known as the 'Maggie Monzingo Well No. 1.' That said well was completed as a dry hole and abandoned about or during the month of September, 1953.

"Upon the completion of said well and the abandonment of such property by the defendant herein, the surface of the ground was not smoothed and the excavation and slush pits were not filled in by the defendant, and the surface area which had been dug into and torn by the trucks and heavy equipment of the defendant was not placed back in as reasonably good condition subsequent to the drilling operations as same had been prior to the operations; that the ground has been so damaged that the freehold of the property has been damaged.

"Plaintiffs state that during the course of said drilling operations, the defendant left debris, to-wit, tin cans, paper, lumber, oil drums, cables, buckets, refuse, oil, and other miscellaneous items on and about the surface of the property, and made no diligent effort to remove such debris at the completion of the well and the abandonment of same.

## III.

"Plaintiffs state that the slush pits were left completely or partially uncovered, and that the manner in which the defendant attempted to fill the slush pits only made them worse, rather than better, and caused surface damage to the property of the plaintiffs herein by virtue of the negligence of the operations by the defendant.

"Plaintiffs state that during the course of the operation that the defendant constructed a 40-foot gravel road across the Monzingo property to the well site, which road has destroyed the use of a portion of the property for farming purpose; plaintiffs state that the defendant used much more of the surface of the property and in a manner as was not reasonably necessary to effectuate the lease and carry into effect the drilling operations under the lease."

Appellant answered by interposing the two-year statute of limitation on causes of action both as a special exception and as to the merit of the case, and by general denial.

Special issues were submitted to the jury without objection or exception by appellant. The issue as to use of land in excess of that reasonably necessary to the operation was answered favorably to appellant. The issues on negligence were answered favorable to appellee together with a verdict of damages in the amount of $750. The court overruled appellant's motion for judgment on the verdict and for judgment notwithstanding the verdict and entered judgment in favor of the appellees for the amount found by the jury.

Appellant bases its appeal upon two points of error as follows:

"Point 1. The Court erred in overruling appellant's Motions for Judgment on the Verdict and for Judgment Notwithstanding the Verdict and in rendering judgment for Appellees on the verdict for the reason that no contractual undertaking to restore the lands of Appellees has been shown, and the jury having found that Appellant used no more of Appellees' land than was reasonably necessary in its operation, the finding was for Appellant on the whole case.

"Point 2. The Court erred in overruling Appellant's Motion for a Directed Verdict for the reason that there was no evidence that Appellant was under any contractual or legal obligation to restore the land to the condition it was in prior to Appellant's operations thereon."

And at page 6, appellant in its brief states:

" * * * the sole question to be decided by the Court on this appeal is whether the trial court erred in rendering judgment for the Appellees where there was no evidence of any contractual undertaking on the part of Appellant to restore the land to as reasonably good condition as it was prior to Appellant's drilling operations, where the jury found that Appellant had used no more land for its operations than was reasonably necessary."

Both points are discussed together in appellant's brief and will be so treated here.

There are numerous cases which have established it as law that under a mineral lease the owner of the leasehold estate, in the absence of an agreement otherwise, has the right to use as much of the surface of the land leased, and in such manner, as is reasonably necessary to effectuate the purpose of the lease; and damage may only be recovered by the surface owner's pleading and proving either specific acts of negligence in the exercise of the privilege granted or in the performance of the operation undertaken, or that more land was used than was reasonably necessary to the enjoyment of the leasehold estate. Robinson Drilling Co., Inc. v. Moses, Tex.Civ. App., 256 S.W.2d 650.

Only the two points of error brought forward are considered. Wagley v. Fambrough, 140 Tex. 577, 169 S.W.2d 478; Brown County Water Imp. Dist. v. MacIntosh, Tex.Civ.App., 164 S.W.2d 722. There is no complaint made that the negligence issues submitted are deficient in any way so they must be given effect. Paragraphs II and III of plaintiffs' petition previously quoted may fairly be construed as stating a cause of action based upon the negligence of the appellant in its drilling operation. Specific acts of negligence may be proved under a general allegation of negligence. Arkansas Fuel Oil Corp. v. Connellee, Tex. Civ.App., 39 S.W.2d 99.

Appellees pleaded and proved a two-pronged cause of action. One is based upon the use of land in excess of that reasonably necessary to the enjoyment of the leasehold estate, and the other is based upon the negligence of appellant in its exploratory operation resulting in damage to the freehold estate. It would be inconsistent and illogical under the pleadings and proof of this cause for this Court to hold that because appellant received a favorable finding by the jury as to excessive use of land, appellant had a finding favorable to it on the whole case, which negated favorable findings for appellee on the negligence issues and required these entirely disassociated issues to be disregarded.

There is testimony that the terraces were cut and washing ensued, that trucks and other machinery tore up the surface of the ground, that where restoration work was undertaken by appellant, terraces were not rebuilt in accordance with good conservation practices, together with other acts, which raised the issue of appellant's being negligent in the exercise of its rights in performing the exploratory operation. The one or more acts of negligence, pleaded and proved, with proper instructions from the court, would be for the jury's determination.

It is said in Womack v. Tripp, Tex.Civ. App., 137 S.W.2d 180, 181 (no writ history) that

"Independently of express covenant, the law imposes upon the lessee an obligation to treat the premises so that no substantial injury be done thereto during his occupancy, and that the property be restored to the landlord at the end of the term unimpaired by the

negligence of the tenant, but he is not liable for damages ensuing from a reasonable use."

To the same effect is Austin Road Co. v. Boston, Tex.Civ.App., 292 S.W.2d 373, wr. ref. NRE. Appellant recognizes the validity of the Womack case and this rule by quoting it in its brief.

There are numerous cases in which the rule is laid down that if recovery is to be had in this kind of case, it must be based upon one or the other theories pled by appellees in this case, that is, excessive use of the land or negligent operations. The law is summed up and concisely stated (we quote from appellee's brief) in McMahon (Rights and Liabilities with Respect to Surface Usage by Mineral Lessee) Sixth Annual Institute on Oil and Gas Law Taxation (S. W. Legal Foundation, 1955), page 238 in this wise:

"Whether or not the right or privilege being exercised is expressed in the grant, or one implied in the grant, for a determination of liability of the lessee or operator to the surface user, two prime lines of inquiry are usually all that are necessary: First, was the right or privilege exercised or the operation performed in a negligent manner, and, secondly, under the exercise of the right or privilege, did the lessee use more of the surface than was reasonably necessary to the exercise thereof? If the answer to either or both of these inquiries is in the affirmative, there is liability."

Had a recovery in this case been sought exclusively on the alleged excessive use of land, appellant would have prevailed under the jury's answer to the issue. But as previously stated, a favorable answer on one phase of the controversy can not preclude a recovery on the other prong of appellees' action.

It is emphasized that consideration here is limited to the points brought forward.

Appellant's pleadings, proof and submission of the negligence issues stand unchallenged, as indeed they must as the record shows that all were tendered into the trial without objection or exception from the appellant.

The appellant's points are respectfully overruled. Appellees are entitled to a recovery, and affirmance of the judgment here, because of the favorable findings by the jury upon the issue of the negligent exercise of its rights in performance of the exploratory operation by appellant.

The judgment of the trial court is affirmed.