WARREN PETROLEUM CORPORATION V. MAGGIE MONZINGO ET AL

No. A-6302. Decided July 24, 1957.
(304 S.W. 2d Series 362.)

*Warren W. Sparks* and *O. Gordon Oldham,* both of Tulsa, Okla., for petitioner.

*Smith & Hall* and *Sam B. Hall, Jr.,* all of Marshall, for respondents.

Mr. Justice Culver delivered the opinion of the Court.

The sole question here is whether after drilling operations for oil and gas have been terminated and the premises abandoned, the lessee is under an implied duty to restore the surface of the land to the condition it was in prior to the commencement of the work. We answer this question in the negative.

Respondents, Mrs. Monzingo et al., charged the petitioner, Warren Petroleum Corporation, after abandonment of its operations, with failing to restore the surface, and leaving slush pits unfilled, ruts made by the moving of heavy equipment and a gravel road across the property constructed by lessee to the drilling site.

They also plead that petitioner used more of the surface than was reasonably necessary. This latter ground of recovery was determined adversely to the respondents by the jury.

The jury did find, however, that petitioner failed to restore the surface, that such failure was negligence and that the negligence was the proximate cause of the damage. The judgment of the trial court in favor of respondents was affirmed by the Court of Civil Appeals for the reason, it said: "Because of the favorable findings by the jury upon the issue of the negligent exercise of its rights in performance of the exploratory operations by appellant." 299 S.W. 2d 398, 401.

But as we read the record no right of action was either plead

or proved by respondents on account of any negligence on the part of the company in the performance of the drilling and exploratory operations. To the contrary the pleading and the proof and issues submitted to the jury only concerned and referred to the failure of petitioner to restore the surface of the land to "as reasonably good condition as it was immediately prior to the time the well was drilled."

If there was an obligation resting upon the lessee to restore the surface either expressed by some provision in the lease or by necessary implication, negligence would be an unnecessary averment because negligence would not be essential to recovery. The action would be one on contract and not in tort. Admittedly the lease contained no such provision and one is not to be read into the contract by implication.

■ The oil and gas lessee had the right to use so much of the premises and in such a manner as was reasonably necessary to comply with the terms of the lease and effectuate its purpose. Warren Petroleum Co. v. Martin, 153 Texas 465, 271 S.W. 2d 410; Meyer v. Cox, 252 S.W. 2d 207, wr. ref. In the latter case plaintiff was allowed recovery for damages claimed similar to those sought here, but for the reason that the provisions contained in the lease expressly obligated the lessee to restore the surface of the land to its prior condition. Judge Norvell in his opinion points out that although the lessee has the right to use as much of the surface and in such manner as is reasonably necessary, nevertheless the parties may by contract provide that the lessee shall pay for the damage done to the land by the necessary drililng operations. He further points out that textbook authors have suggested that surface damage clause be included in oil and gas leases, and particularly where unitization is effected, for the reason that otherwise the surface damage would bear more heavily on some lessees than on others. See also Gregg v. Caldwell-Guadalupe Pickup Stations et al, (Texas Com. App.), 286 S.W. 1083. In LeCroy v. Barney, 12 Fed. 2d 363 (8th Cir.), the lessee was held not responsible in damages to the owner in constructing earthen tanks and in removing trees necessary and incidental in prospecting for oil and gas pursuant to the terms of a lease.

None of the cases relied upon by respondents bear out their contention of implied duty. In Austin Road Co. v. Boston, Texas Civ. App., 292 S.W. 2d 373, 375, n.r.e., where the plaintiff sued for damages to the premises, the Court held that there

was no finding that Austin used more of the land or did anything that was unnecessary to the conduct of the operations authorized by the option and lease. Under the terms of the contract Austin was authorized to explore the plaintiff's land to determine whether it contained rock suitable for certain purposes and in doing so it was necessary that some excavation work be undertaken. In order for the plaintiff to recover it was necessary that he show that Austin performed the exploratory work in a negligent manner. Respondents cite the following language in that opinion: "To sustain the judgment, plaintiffs were required to prove that the damages recovered were caused by the negligence of Austin or that it used more of plaintiff's land than was reasonably necessary to do the things authorized by the contracts." We agree entirely with that statement of the law. However, just as in the Austin Road Company case the plaintiff here has failed to prove that Warren Pertoleum Company conducted its exploratory operations in a negligent manner or used more of the surface of plaintiff's land than was reasonably necessary.

In Smith v. Schuster, 66 So. 2d 430, 431, Louisiana Court of Appeal, so far as the plaintiff's cause of action was concerned, the Court says that the only question presented for consideration is whether the plaintiff presented sufficient evidence of damages. The Court goes on to say, however, that "He (the mineral lessee) should maintain and restore the premises in the condition he found them subject to his rightful use, * * *." We do not think this statement of law supports respondent's contention of implied duty to repair the damage done to the land caused by rightful and necessary use. In the case of Oceana Oil Producers, Inc. v. Portland Silo Co., 1951, 229 Ind. 656. 100 N.E. 2d 895, the Court merely held that it was lessee's duty after abandonment to put the premises in as good condition for tilling as it found them when it went into possession under the lease because the contract expressly entailed that obligation on the lessee.

The judgment in favor of respondents is reversed and here rendered in favor of petitioner.

Opinion delivered July 24, 1957.