**WESCO MATERIALS CORPORATION,**
Appellant,

v.

**DALLAS COUNTY LEVEE IMPROVE-
MENT DISTRICT NO. 5 et al.,**
Appellees.

No. 15965.

Court of Civil Appeals of Texas.

Fort Worth.

Jan. 9, 1959.

Rehearing Denied Feb. 6, 1959.

244

Wilson Johnston, Dallas, Strasburger, Price, Kelton, Miller & Martin, and Hobert Price, Dallas, for appellant.

Bowyer, Thomas, Crozier & Harris and Norman R. Crozier, Jr., Dallas, for appellee City and County of Dallas Levee Improvement Dist.

Henry P. Kucera, City Atty., and Ted P. MacMaster, Asst. City Atty., Dallas, for appellee City of Dallas.

Henry Wade, Dist. Atty., and A. George Biggs, Asst. Dist. Atty., Dallas, for appellee Dallas County.

Scurry, Scurry, Pace & Wood, W. C. Scurry, Richard H. Hodges and R. G. Scurry, Dallas, for appellees Dallas County Flood Control Dist. and Dallas County Levee Improvement Dist. No. 5.

MASSEY, Chief Justice.

The question involved in this case is whether dirt may be removed from land which has heretofore been the subject of a grant of easement, by the grantor or his successors in title over the objection of the grantees or their successors in title.

The deed of grant conveyed the "free and uninterrupted use, liberty, privilege, easement and right of way, for the purpose of building and maintaining levees, borrow-pits, floodway and any and all other uses and purposes which are or may be necessary or desirable in the building or maintaining of any system of levees or drainage * * * over, across and through" the land in question.

Dallas County Levee Improvement District No. 5 was the original grantee of the easement interest in the land here in controversy, the use whereof being the subject of contract with other defendants. It should be noted that the City of Dallas and Dallas County were made defendants in the case along with the others sued.

Plaintiff, Wesco Materials Corporation, was the successor to such title as remained in the original grantor after the grant. Defendants, Dallas County Levee Improvment District No. 5 and City and County of Dallas Levee Improvement District entered into a contract with the defendant, Dallas County Flood Control District shortly after the latter was created as a Governmental agency, both body politic and corporate, for the purposes involved in Section 59, Article 16, of the Texas Constitution, Vernon's Ann.St. By this contract the two levee improvement districts granted to the flood control district the right of way to enter upon, use, operate, repair, improve, maintain and control, or cause to be entered upon, used, operated, repaired, improved, maintained and controlled, the levees, pumping plants, drainage ditches, lands, easements, floodways and other physical properties belonging to each of said Levee Districts, and to do or cause to be done any and all things which were necessary or convenient to carry out these purposes. The Dallas County Flood Control District agreed to use, operate, maintain and improve and repair all of such properties and to accomplish the purposes

set forth in the act of its creation to the best of its ability with the funds available to it.

Plaintiff, Wesco Materials Corporation, alleged that it was the owner of the fee-simple title to the lands described by petition, and as such entitled to the full dominion and use of such property, except in so far as any limitation thereof may be necessary to the reasonable enjoyment of the rights held under the easement. Plaintiff alleged further that it had the opportunity to sell and dispose of, for its benefit, dirt from the property so described, for construction purposes. However, it was averred, "One or more of the Defendants herein are taking the position, and therefore there is an actual controversy between the parties, that Plaintiff herein cannot remove any dirt from its property which it owns in fee simple, and which is described above, and are claiming that any removal of such dirt would be in violation of the rights of Dallas County Levee Improvement District No. 5, and any and all other persons having rights thereunder, under the easement granted to the said Dallas County Levee Improvement District No. 5 hereinabove referred to." The pleadings further presented alternative plans under which the plaintiff proposed to remove the dirt it desired, with allegations that there would be no encroachment upon or interference with any right of any defendant under the easement. Additional allegations showed damages to accrue in the event it was not permitted to remove such dirt. It prayed for declaratory relief that it be permitted to remove dirt from its property in such quantities as it sees fit, so long as the removal is accomplished without any damage to or interference with the rights of the defendants, and for injunction against any interference with such right.

The defendants answered with lengthy allegations in an answer and cross-petition, incorporating averments that plaintiff has threatened and is threatening to immediately enter upon the land in question and remove thousands of cubic yards of dirt, and that unless enjoined would carry out its threats. Defendants prayed for injunctive relief under their cross-petition and for a declaratory judgment to the effect that their rights in and to the lands are paramount and that the plaintiff has no right to enter upon same for the purpose of disturbing or removing any dirt or other material whatsoever without the express permission of the defendants.

To the cross-petition of the defendants the plaintiff entered a general denial and specifically denied that a removal of dirt from the lands in question under plan or plans proposed would interfere with any rights under the easement, nor constitute any definite and immediate danger and hazard to the levees or any other properties of the defendants or to any person or property.

During the trial before the court, without a jury, all parties stipulated that it be considered a trial on the merits. A great deal of testimony was introduced, the evidence bearing mainly upon the matter of whether or not any injury or harm would be sustained by the defendants under the various plans presented for removing dirt, about how much dirt might be removed before injury or harm might be occasioned to the defendants, etc.

After the hearing the court rendered judgment enjoining the plaintiff from removing any dirt whatsoever, although finding that up to one and one-half million yards could be removed without damage or injury to the defendants. In the fact-finding part of the judgment it was stated that the injunction granted was "against the removal of dirt *at this time under the plans proposed* by the Plaintiff, or any of the plans suggested by the various engineers who testified, or the Plaintiff's officials, or by statements of Plaintiff's counsel." (Emphasis ours.) Under the decree of the judgment it was ordered that "Under the facts of this case the Plaintiff, Wesco Materials Corporation, is permanently enjoined from removing dirt from any of the lands * * *", and further: "This

injunction is granted on the basis of the record in this case at this time, in accordance with the Court's findings heretofore made, and consistent with the other orders herein provided."

Pursuant to the entry of the judgment the court overruled a motion on the part of the defendants to vacate the same and to enter a judgment in substantial accordance, but which omitted any phrase indicative that the injunction was restricted to plans submitted by the plaintiff "at this time" or to the removal of any dirt "at this time", inclusion of which language in the judgment was feared by the defendants to permit the plaintiff to come back at a future date with some other plan it might conceive and relitigate the question of its right. The tendered judgment recited the essential parts of the easement grant and would hold " * * * and by virtue thereof, the said Plaintiff, having acquired the fee title to said lands in 1952 and 1955, is precluded from and does not have the right to go upon, disturb, remove, mine or excavate dirt in said lands hereinabove described and referred to."

That it was proper to enjoin the plaintiff and also to deny it the relief for which it prayed is apparent from a prior decision of an appellate court. In the case of Sheppard v. City and County of Dallas Levee Imp. Dist., Tex.Civ.App. Dallas, 1937, 112 S.W.2d 253, at page 255, it is stated: "Obviously, appellant's rights are subservient to the rights of appellee. The grant of the exclusive use of the land for levee purposes, extending to any and all other uses and purposes which are or may be necessary or desirable in the building and maintaining of the levee, is, in practical effect, an estate in fee to the easement owner. The owners of the fee, Mrs. Sheppard and her husband, *have no right to use the land, as against the objection of the easement owner*. The easement owner is the dominant tenant and is entitled to the free and undisturbed use of its property for the purposes of the easement. Calcasieu Lumber Co. v. Harris, 77

Tex. 18, 13 S.W. 453; Texas Co. v. Texarkana Mach. Shops, Tex.Civ.App., 1 S.W. 2d 928; Gillett v. Van Horne, Tex.Civ. App., 36 S.W.2d 305." (Emphasis ours.) The deed construed in the Sheppard case contained the identical language of the deed upon which the defendants rely here. (Quoted in the second paragraph of this opinion.)

Primarily upon the language we have quoted, another Court of Civil Appeals, in a case which involved a question similar in all material respects to that of the Sheppard case, held that the owner of a similar easement right is the dominant tenant and is entitled to the free and undisturbed use of the property for the purposes of the easement and that erection of structures on the easement premises should be enjoined when, *in the opinion of the County Engineer and legal representatives of Galveston County, the erection of such structures at the point on said right of way in question interferes with and may in the future jeopardize the scope of the plan adopted by the officials of the County for the protection of said seawall and its supporting structures.* Gulf View Courts v. Galveston County, Tex.Civ.App. Galveston, 1941, 150 S.W.2d 872, error refused.

█ Both the Gulf View Courts case and the Sheppard case dealt with structures rather than with the taking of materials or of a disturbance of the surface of the land within the boundaries of the easement, but we believe that such constitutes a distinction without a difference in so far as the determining legal principles are concerned. In either event we are of the opinion that the owners of the fee have no right of use as against the objection of the easement owner unless it clearly appears that the latter's refusal of the use desired was fraudulent or wholly arbitrary and unreasonable. We are satisfied from the state of the record that plaintiff has made no such showing in the present instance.

█ The decision and election on the part of the defendants to refuse plaintiff

the use requested by it was in no sense a denial of due process of law to the plaintiff. The due process to which plaintiff was entitled was afforded by the proceedings in the court below where the judgment was entered from which this appeal has been taken. It was not necessary that any prior proceedings be conducted by the defendants or any of them in the sense of a judicial or quasi-judicial body (such as the Railroad Commission, Liquor Control Board, etc.), and their status in the court on the question involved is in no sense to be distinguished from that of an ordinary litigant.

 Concerning the cross-assignments of error of the defendants we look to the order in the judgment entered and to the fact findings upon which the order was premised in a determination of whether it has support and we disregard any finding or conclusion which does not affect the relief sought by the parties to the suit. When this is done it seems clear to us that the only question presented by the cross-points is whether the defendants were entitled to broader declaratory relief. From what has been previously noted the defendants desired and prayed for judgment to the effect that the plaintiff has no right to enter upon the land for the purpose of disturbing or removing any dirt or other material whatsoever without the express permission of the defendants. The judgment entered did not go quite so far, but did effectually declare that plaintiff could not presently enter for such purpose under any plan proposed or suggested. It did not go so far as to enjoin the plaintiff at any and all times in the future, but we see no real issue in this respect under the record made. It does not appear therefrom that there is any hazard of such against which defendants were entitled to injunctive relief.

We have held above that the plaintiff has no right to use the land as against the objection of the easement owner where the latter's refusal does not clearly appear to be fraudulent or wholly arbitrary and unreasonable. Necessarily included would be the disturbance or removal of dirt and other material from the premises. It may be, however, that the trial court was able to conceive of a situation where the refusal on the part of the easement owner to permit the plaintiff to remove certain dirt or other material from the premises would be arbitrary and unreasonable. If so, he properly refrained from any foreclosure of the plaintiff's future right to litigate the question under the record made on the trial of the instant case. We cannot say that his caution was unreasonable nor that the defendants were entitled to more extensive relief than the judgment afforded. Their cross-assignments of error are overruled.

Judgment is affirmed.