PHILLIPS PETROLEUM CO., Appellant,

v.

L. W. CARGILL, Appellee.

No. 7002.

Court of Civil Appeals of Texas.

Amarillo.

Nov. 21, 1960.

AMERICAN GENERAL INSURANCE CO., Appellant,

v.

John P. RODRIGUEZ, Appellee.

No. 3789.

Court of Civil Appeals of Texas.

Waco.

Sept. 15, 1960.

Rayburn L. Foster and Wm. J. Zeman, Bartlesville, Okl., C. J. Roberts and John R. Rebman, Amarillo, for appellant.

Storey, Storey, Donaghey & Sheridan, Vernon, for appellee.

CHAPMAN, Justice.

This is an appeal by Phillips Petroleum Co., defendant below, from a judgment rendered by the County Court of Wilbarger County sitting without a jury in favor of appellee, L. W. Cargill, plaintiff below, in the sum of $500 for surface damages alleged to have resulted from the drilling of

a well for oil and gas on land occupied by appellee as an agricultural tenant of the lessor in the said oil and gas lease.

Appellee first occupied the 80-acre farm in 1944 upon an oral contract with the fee owner by which he was to pay in rent ⅓ of the grain and ¼ of the cotton when harvested and $2 per acre per year for the 7 acres of pasture land. Under appellee's own testimony his oral rental contract with the landlord was that, "as long as I pleased him and as long as I was satisfied with him, I would just stay there". He further testified there was not any agreement between them that he could farm the place for any specific number of years.

Appellant acquired its oil and gas lease in July, 1955, and entered the land for the purpose of drilling the well in February of 1957. At all times from 1945 to the date of trial appellee was occupying the farm under the original agreement by which he entered it in 1944.

If we understand the record, there is no contention on the part of appellee of an unreasonable use of the premises by appellant arising from the drilling operations but that he was entitled to recovery by virtue of his superior right to possession. By brief appellee admits:

"This point is the crux of the entire case. Under the theory this case was tried, if the Plaintiff (appellee) did not have a superior right to the possession of the 80-acre tract at the time the contract for damages with defendant's lease foreman was made, then there was no consideration for the contract and all other points fall by the wayside."

Appellee then bases his contention for affirmance upon the theory that he was a tenant at will. The county judge so found in the conclusions of law.

Under the record before us we find ourselves unable to agree with the trial court in this respect. The record is without contradiction that appellee entered the premises as a "third and fourth" share crop tenant without any provision in such oral contract that he could farm the place for any specific number of years. The El Paso Court of Civil Appeals has held that: "A lease for a term not stated is a lease for one year". Atlas Petroleum Corp. v. Galveston, H. & S. A. Ry. Co., 5 S.W.2d 215, 219 (writ refused).

■ We consider it clear that under the landlord-tenant share crop contract here being considered the landlord could not have forfeited the contract at will, thus depriving the tenant of the fruits of his labor for the crop year. The lease being for a term not stated it was a lease for one year under the case just cited.

Robinson Drilling Co., Inc. v. Moses, Tex.Civ.App., 256 S.W.2d 650, 651 (N.W. H.) was a case where the tenant entered the land under an oral contract for the year 1942 and remained thereon as a tenant continuously after that time. The court there held:

"Where a lessee holds over under an oral agreement, even if the oral agreement was that he might have the premises as long as he desired, the tenancy is not perpetual but is one from year to year."

■ Appellant's lease having been taken in 1955 for a primary term of five years, the damages complained about having occurred in 1957, and the validity of appellant's lease not being disputed, its occupancy was superior to appellee's possession for the period in which he claimed his damages. Therefore, his forbearance to interfere with appellant's entry and drilling operations under its oil and gas lease giving it such rights was without valuable consideration and would preclude recovery for surface damages arising from the reasonable use of the premises in the conduct of the drilling operations contemplated by the oil and gas lease. It seems to be settled law in this state that an oil and gas lessee has the right to use as much of the surface of the leased premises

acquired from its lessor as is reasonably necessary to effectuate the purpose of the lease. Warren Petroleum Corp. v. Monzingo, 157 Tex. 479, 304 S.W.2d 362, 65 A.L.R.2d 1352; Warren Petroleum Corp. v. Martin, 153 Tex. 465, 271 S.W.2d 410. However, there is testimony to the effect that appellant damaged a wire fence owned by appellee and not his landlord, the oil and gas lessor. That damage was found by the court to be $28 and we believe appellee is entitled to that recovery.

■ Though we feel confident we are correct in holding that appellee is not a tenant at will in this case but a tenant from year to year, even if we are in error, the damages assessed are still not recoverable, except for the $28 just above mentioned, because appellant was the owner of the dominant estate in the land and as such holder had the right to go upon the surface of the land in order to produce, save and market the oil or gas, the only limitation being that he must not make an unreasonable use of the premises. Gulf Oil Corp. v. Walton, Tex.Civ.App., 317 S.W.2d 260 (N. W. H.); Stanolind Oil & Gas Co. v. Wimberly, Tex.Civ.App., 181 S.W.2d 942, 944 (N. W. H.). In the last-named case Mrs. Allison, who owned the surface interests and part of the minerals, gave a surface lease joined by her husband for "grazing purposes only" to appellee therein for a fixed term of ten years. The oil and gas lessee, appellant therein, during the period of the grazing lease just described, attempted to enter the land for the purpose of development of its oil and gas lease but was barred by the surface lessee. The El Paso Court of Civil Appeals held:

"Appellant acquired this mineral estate with the specific right of ingress and egress. Since appellee's lease was for 'grazing purposes only,' and not a conveyance of the minerals, it operated as a severance of the mineral estate owned by Mrs. Allison from the leasehold surface estate acquired by appellee under his grazing lease. *Appurtenant to such mineral estate, which appellant subsequently acquired,* as well as to the mineral estate theretofore acquired by it, *though not specifically granted, was the right of ingress and egress, and the right to use so much of the surface of the land as might be reasonably necessary to enforce and enjoy the mineral estate so acquired.*" (Emphasis added.)

■ Thus, the lease by the fee owner of the surface of the 80 acres for agricultural purposes to appellee herein operated as a severance of the surface estate from the mineral estate with its conjoined surface easement being reserved and retained by the fee owner, and such severance occurred even if appellee's tenancy was continuous. When the oil and gas lease was granted by the same fee owner to appellant in 1955, there was conveyed to it by that lease those same surface easements for the purpose of developing the mineral estate. Therefore, appellee had no legal right to deny to appellant access to the land in order that it might develop its oil and gas lease; and forbearance by appellee to exercise a right he did not have can not form a legal consideration to support the contract sued upon.

Accordingly, the judgment of the trial court is reformed to give appellee $28 and as reformed, affirmed. Costs are assessed against appellant.