**A. P. HART et al., Appellants,**

v.

**SINCLAIR OIL & GAS COMPANY,**
Appellee.

No. 3921.

Court of Civil Appeals of Texas.

Waco.

Nov. 2, 1961.

Rehearing Denied Dec. 18, 1961.

John Seale, Jasper, for appellants.

Burton W. Morris, Gaius G. Gannon, Jr., Houston, for appellee.

McDONALD, Chief Justice.

This is a suit for damages resulting to plaintiffs as a result of defendant's having appropriated the surface of certain lands, the surface of which is owned by plaintiffs, and one-half of the oil, gas and other minerals is owned by defendant.

Plaintiffs acquired the surface to the lands herein from the East Texas Pulp and Paper Company, and such conveyance was made subject "to the conditions, reservations, provisions and exceptions (but including all correlative rights, interests and privileges)" contained in instruments wherein defendant acquired the mineral interest.

Defendant made well locations and appropriated the surface owned by plaintiffs to plaintiffs' stipulated damage of $1971.

Trial was to the court without a jury which entered judgment that plaintiff take nothing.

The plaintiff appeals, contending that the Trial Court erred in its construction of the 1916 lease under which defendant deraigned its title to the minerals.

The case turns on the construction of the following 2 paragraphs of such instrument, which follow the granting clause.

"Together with all and singular the perpetual right with Grantor and Trust Estate of possession and of ingress and egress at all times for the purpose of exploring, drilling, mining and in

every way operating for such minerals upon such premises and every part thereof, and to remove such minerals from the same, and with the right of erecting upon the premises all such buildings, derricks, tanks, reservoirs, pipe lines, telegraph and telephone lines or other improvements and equipment of every character which such grantees, respectively, their successors and assigns, may find necessary, proper or convenient for the exploration, using, enjoying or removing any and all such minerals, together with every incidental right essential to the complete enjoyment of the properties and privileges conveyed.

"Grantees, respectively, shall have the right particularly to lay pipelines over and upon all the premises at will, and to assign such right in whole or in part to another or others, and in the conduct of operations on the premises to have free use and privilege of water and fuel and waste timber (not covered by Kirby Lumber Company contract and not previously sold), and for the appropriation and use of all necessary quantities of surface for locations for pump stations, tanks, reservoirs and other operating and storage structures, *but all such rights shall be exercised with due care, and reasonable compensation made to the then owner of the fee for any damage or injury that may be caused, including compensation to any such owner, other than Grantor or Trust Estate, for the surface appropriated * * *.*"

As noted, plaintiff acquired his surface interest from the East Texas Pulp and Paper Company and is an owner other than the Grantor or Trust Estate referred to in the foregoing instrument.

■ If the lease under which defendant drilled its wells had been a conventional oil and gas lease, it would have had the right to use so much of the surface as was reasonably necessary to comply with the

terms of the lease and to effectuate its purpose. Warren Pet. Corp. v. Monzingo, 157 Tex. 479, 304 S.W.2d 362, 65 A.L.R.2d 1352; Brown v. Lundell, Tex., 344 S.W.2d 863; General Crude Oil Co. v. Aiken, Tex., 344 S.W.2d 668.

The lease in the case at bar was not in conventional terms, but undertook specifically to provide that *"reasonable compensation made to the then owner of the fee for any damage or injury that may be caused, including compensation to any such owner, other than Grantor * * * for the surface appropriated."*

Defendant contends that the agreement to compensate for damage done or surface appropriated is limited to the paragraph in which such agreement is contained, and hence covers injury and surface appropriation inuring only from the laying of pipelines over the premises.

Plaintiff contends that the 2 paragraphs must be construed together and that defendant is bound to pay for injury caused and surface appropriated resulting from drilling and the other items mentioned in the 1st paragraph, as well as for the laying of pipelines, as mentioned in the 2nd paragraph.

The instrument under review gives the lessee the right to appropriate all surface, not only that reasonably necessary to effectuate the purposes of the lease, but in addition such as might be deemed *"convenient"* to it in its exploration for, and production of, oil and gas. The 2nd paragraph provides that lessee will pay for the surface appropriated (if the then surface owner is other than the original Grantor).

■ The whole material portion of the instrument must be considered in order to ascertain its meaning. This is true even if the material part consists of different sentences and different paragraphs. Watkins v. Slaughter, 144 Tex. 179, 189 S.W.2d 699.

It is our construction that the defendant's obligation to compensate the surface

owner, extends to the activities covered in both the 1st and 2nd paragraphs, and that the Trial Court's construction of the instrument is erroneous

Plaintiffs' point is accordingly sustained and the judgment of the Trial Court is reversed and judgment here rendered for plaintiff for $1791., together with interest at 6% per annum from 22nd November, 1960 (the date of the judgment of the Trial Court).

Reversed and rendered.