Tom STREET et al., Appellants,

v.

SINCLAIR PIPELINE COMPANY, Appellee.

No. 4299.

Court of Civil Appeals of Texas.

Waco.

Jan. 14, 1965.

Beard, Kultgen & Beard, Waco, for appellants.

John F. Sheehy, Waco, for appellee.

McDONALD, Chief Justice.

This is a suit for damages occasioned by the refusal of defendant to permit plaintiffs to mine gravel from a right-of-way strip defendant holds an easement to across plaintiffs' land. Plaintiffs Street, et al, own a 15 acre tract in fee simple, subject to a right-of-way easement for a pipeline across such tract, owned by defendant Sinclair. Plaintiffs mined some of the gravel on the tract, but have been met by a demand by defendant to remain a certain distance from the pipeline, and to maintain a certain slope supporting such pipeline. Plaintiffs sought mandatory injunction against defendant, requiring a removal of the pipeline to a location on the property, where the gravel was already mined, or in the alternative for damages for the value of gravel located under and around defendant's pipeline, and which cannot be mined, unless the line be moved. There was no allegation or evidence of any negligence in the operation of the pipeline by Sinclair.

Trial was before the Court, without a jury, which rendered judgment that plaintiffs take nothing.

Plaintiffs appeal, contending that the Trial Court erred in holding defendant pipeline company not liable to pay plaintiffs the reasonable market value of the gravel underneath the pipeline, because the right-of-way deed provided the pipeline would pay to plaintiff "any damages which may arise from grantee's operations in * * * operating * * * said pipeline."

The right-of-way deed or easement provides:

"* * * Grantor does hereby grant, bargain, sell and convey unto said Sinclair Refining Company, hereinafter called Grantee, the right and easement to lay, maintain, inspect, operate, alter, repair, replace, remove, and relay a pipeline for the transportation of crude petroleum, oil, gas etc. * * * (across the described properties of Grantor). * * * Grantor shall have the right to fully use and enjoy said premises except as the same may be necessary for the purposes herein granted unto said Grantee * * *. Grantee hereby agrees to pay any damages which may arise from Grantee's operations in laying, maintaining, operating, repairing, replacing, or removing said pipeline * * *."

The Trial Court filed Findings of Fact and Conclusions of Law here summarized:

## FINDINGS OF FACT

1) Plaintiffs own the land over which the easement rights were granted; and defendant owns the easement rights across such land.

2) Plaintiffs have removed all gravel from the land, except under the portion of such land lying under the land included in Sinclair's easement. There is gravel under such easement in sufficient quantity to justify the mining thereof.

3) Sinclair has exercised the rights conferred by the easement with due care and without negligence.

## CONCLUSIONS OF LAW

1) Plaintiffs have no right to remove the gravel from the portion of the land servient to the easement of Sinclair.

2) The location of the easement may not be changed by the easement owner or the owner of the servient estate, without the consent of the owner of the easement and the owner of the servient estate.

3) Plaintiffs are not entitled to mandatory injunction requiring Sinclair to relocate its pipeline.

4) Plaintiffs are not entitled to recover from Sinclair for the value of the gravel under such pipeline easement.

The case turns on the construction of the easement.

■ Sinclair's easement is the dominant estate and Sinclair has the right to the free and undisturbed use of its property for the purposes of the easement. Calcasieu Lumber Co. v. Harris, 77 Tex. 18, 13 S.W. 453. Moreover, the owners' right to remove dirt or gravel is subservient to the estate granted by the easement. Hays v. State, CCA (n. r. e.), 342 S.W.2d 167; Wesco Materials Corp. v. Dallas Co., CCA (n. r. e.) 320 S.W.2d 243; Sheppard v. City & County of Dallas Levee Imp. Dist., CCA (n. w. h.), 112 S.W.2d 253. See also: Warren Pet. Corp. v. Monzingo, 157 Tex. 479, 304 S.W.2d 362, 65 A.L.R.2d 1352; Brown v. Lundell, 162 Tex. 84, 344 S.W.2d 863; Gen. Crude Oil Co. v. Aiken, 162 Tex. 104, 344 S.W.2d 668; Kenny v. Texas Gulf Sulphur Co., CCA, Er. Ref., 351 S.W.2d 612.

■ Plaintiffs therefore have no right to require defendant to remove its pipeline to another location where the gravel was already mined. Plaintiffs, however, contend that the language in the easement, "Grantee hereby agrees to pay any damages which may arise from Grantee's operations in * * * operating * * * said pipeline", entitles plaintiffs to the value of the gravel which cannot be mined because of the pipeline. Plaintiffs cite Big Three Welding Equipment Co. v. Crutcher, 149 Tex. 204, 229 S.W.2d 600, as authority that the word *"operating"* means *"to put into, or to continue in, operation or activity; to manage; to conduct; to carry out or through; to work; as to operate a machine or motor vehicle"*; and assert that defendant agreed to pay damages which may arise from its operating the pipeline; that plaintiffs' damages are caused by defendant's operation of the pipeline; and that defendant owes plaintiffs for the gravel which cannot be mined.

■ It is not the operation of the pipeline across plaintiffs' property which has produced plaintiffs' damages; it is the presence or existence of the pipeline itself, which has prevented plaintiffs from mining their gravel. Defendant paid for the easement, and plaintiffs' estate is subservient to defendant's right to such easement, and so much of the land as reasonably necessary to effectuate the purposes of the easement.

Plaintiffs' contentions are overruled and the judgment is affirmed.