TEXACO, INC., a corporation, Appellant,

v.

R. W. FARIS and Wife, Eugenia Faris, Appellees.

No. 5794.

Court of Civil Appeals of Texas.

El Paso.

March 8, 1967.

Rehearing Denied April 5, 1967.

Johnston S. Rowe and W. N. Sands, Midland, for appellant.

Shafer, Gilliland, Davis, Bunton & McCollum, Lucius D. Bunton and Ray C. Stoker, Jr., Odessa, for appellees.

## OPINION

PRESLAR, Justice.

This suit was brought by appellees R. W. Faris and wife against appellant Texaco, Inc., for damages to Lot 18 of the Western Hills Subdivision to the City of Odesssa, Texas. Appellees are the owners of the surface of such lot, and appellant is the owner of an oil and gas lease covering that lot and the surrounding acreage. Basis of appellees' claim is that Texaco made an excessive use of the surface of Lot 18 in the drilling and operating of an oil well. Jury verdict was for the surface owners in the amount of $1,000.00.

Basic questions are whether the case was submitted on the proper legal theory, and whether there is any evidence or sufficient evidence to support the jury's findings. Issue No. 1 is as follows:

"Do you find from a preponderance of the evidence that Texaco, Inc., acting by and through its duly authorized officers, agents, servants, and employees, made an unnecessary use of the surface estate of R. W. Faris on or about

April 23, 1962, and thereafter, in its operation of producing the oil and gas lying in and under the land covered by Texaco Inc.'s oil and gas mining lease?"

The court's charge contained an explanatory instruction to the jury to take into consideration only what they found from the evidence to be unnecessary, and to exclude from consideration what was found to be necessary.

Appellant contends that the rights of the parties, and its consequent liability, are not correctly determined by the proposition of "unnecessary use"; that such is not the proper legal test. It is appellant's position that the correct rule of law is that an oil and gas lessee has the right to use so much of the surface as is "reasonably necessary" to comply with the terms of the oil and gas lease and effectuate the purposes thereof. It offered a definition and explanatory instruction of the law as to "reasonably necessary" to be placed in the charge, and it requested issues inquiring whether the use it made of the surface was reasonably necessary. We are of the opinion that the court did not err in refusing the requested issues and instructions, and that the correct test of liability was the inquiry as to unnecessary use. The rights of the parties depend on the nature of the estate owned by each. Faris took a deed to the surface estate subject to the existing oil and gas lease of Texaco. That oil and gas lease granted Texaco an easement in the surface estate of Faris, and it sets out the extent or scope of the easement. It provides:

"1. Lessor in consideration of One and No/100 Dollars ($1.00) in hand paid, and of the agreements of Lessee herein contained, hereby grants, leases and lets exclusively unto Lessee, for the purpose of testing by any method for formations or structures and prospecting and drilling for, mining, and producing oil, gas, distillate, sulphur and other minerals, injecting salt water, other fluids, and gas, into subsurface strata, storing minerals and fluids, laying pipe lines, dredging canals, building roads, bridges, docks, tanks, powers, stations, telephone and electric transmission lines, and other structures and facilities including houses for employees, *necessary* for producing, saving, caring for, treating, processing, and transporting minerals and conducting said operations, the following described land. * * *" (Emphasis supplied).

■ The conventional oil and gas lease confers on the lessee the right to use so much of the surface as is reasonably necessary to comply with its terms and effectuate its purpose. Warren Petroleum Corp. v. Monzingo, 157 Tex. 479, 304 S.W.2d 362, 65 A.L.R.2d 1352 (1957), and cases cited. Typical of such leases is that express uses of the surface are set out—i. e., lay pipe lines, provide storage, build roads, construct telephone and telegraph lines, etc. —with no express provision as to the extent or amount of such pipe line laying, road building, storage facilities, etc. In the absence of such express provision as to the extent of use, its extent is said to be that which is "reasonably necessary". Whether the express uses are set out or not, the mere granting of the lease creates and vests in the lessee the dominant estate in the surface of the land for the purposes of the lease; by implication it grants the lessee the use of the surface to the extent necessary to a full enjoyment of the grant. Without such use, the mineral estate obtained under the lease would be worthless. However, in the lease before us, express uses of the surface were set forth and the extent of such uses was specified. Therein lies the difference in the basis on which this case was submitted and the basis urged by appellant. The scope and extent of the surface use grant must be determined by the lease itself. Joyner v. R. H. Dearing & Sons, Tex.Civ.App., 134 S.W.2d 757 (err. dism., jdm. cor.). The case before us is controlled by the express provision as to extent or scope of the use to be made of the surface, rather than any implied right to use. In the above-quoted granting clause·

of the lease, the parties provided for certain uses to be made of the surface and expressly defined those uses as being what was "necessary". Appellant had the right to do those things enumerated to the extent necessary, not "reasonably" necessary. Appellees having claimed appellant made an excessive use of the surface, we think the court submitted the proper test—do you find from a preponderance of the evidence that Texaco made an unnecessary use? The parties to the lease having set the scope—"necessary"—the court should not change that to "reasonably necessary" any more than it should change it to "absolutely necessary" or some other shade or degree.

The terms of the lease also provide an answer to another contention of appellant: That from appellees' and appellant's common source of title, certain reservations were made for the benefit of the mineral estate when the surface was conveyed, to-wit: "There is excepted from this grant and reserved unto grantors, their heirs and assigns, all of the oil, gas and other minerals, both similar and dissimilar, and including water (except water used on the land for domestic and stockraising purposes), in and under and that may be produced from the above described land, together with the first and superior right to at any and all times, either individually or through lessees, grantees, or contractors, enter upon said land and use such part of it as may be reasonably necessary or convenient in connection with the investigation, development and operation thereof for oil, gas and other mineral * * *". We fail to see how this enlarges appellant's rights, because the rights here reserved were not passed on to appellant by the terms of the grant of the oil and gas lease. Also, the oil and gas lease has a provision that either party may assign its rights, but that no change in ownership shall enlarge the obligations or diminish the rights of the lessee.

Three issues were submitted to the jury, and by the answers to these it was established: (1), that Texaco used more surface in its producing operations than was necessary; (2), that such use depreciated the value of the surface estate; (3), in the amount of $1,000.00. Error is assigned that there is no evidence to support each of these issues and, alternatively, that the evidence is insufficient to support each. When the assignment is that there is "no evidence", the reviewing court may consider only that evidence, if any, which, viewed in its most favorable light, supports the jury findings, and we must disregard all evidence which would lead to a contrary result. Cartwright v. Canode, 106 Tex. 502, 171 S.W. 696; Biggers v. Continental Bus System, 157 Tex. 351, 303 S.W.2d 359 (1957). When the contention is made that the evidence is insufficient to support the jury finding, or the finding is against the great weight and preponderance of the evidence, a court of civil appeals must examine all of the evidence and reverse and remand for a new trial if it concludes that the verdict or finding is so against the great weight and preponderance of the evidence as to be clearly wrong and unjust. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660. From a careful study of the statement of facts and exhibits before us, we have concluded that the jury's findings should be sustained. The evidence is weak as to the plaintiff's burden of establishing that Texaco made an unnecessary use, but it is sufficient to the extent that we are unable to conclude that it warrants reversal as being so against the great weight and preponderance as to be clearly wrong and unjust. Texaco had the right to do such things as were necessary, and the jury was asked to find if an unnecessary use was made by it. There was before the jury evidence as to what was necessary to be done, and there was evidence as to what was actually done. From a balancing or measuring of what was done against what was necessary, it

was determined that more was done than was necessary.

All assignments of error are overruled, and the judgment of the trial court is affirmed.