**MEYER et ux. v. COX et al.**

No. 12437.

Court of Civil Appeals of Texas.
San Antonio.

Oct. 1, 1952.

Rehearing Denied Oct. 29, 1952.

Kirk & Sheppard, Cuero, Joe Kelly, Victoria, for appellant.

William S. Fly, Victoria, for appellee.

NORVELL, Justice.

This is an appeal from an order of dismissal entered upon plaintiffs' refusal to amend after the trial court had sustained a special exception. A question of interpretation of a paragraph of an oil and gas lease is involved.

Plaintiffs, Oscar Meyer and wife, Irene Meyer, alleged that on July 9, 1946, they entered into an oil and gas lease with appellees, Rupert Cox and Taylor Refining Company, as lessees.

The petition states that a producing oil well was brought in upon the tract and that incidental thereto defendants had constructed upon the premises a salt-water pit, a gas flare and a tank battery consisting of two tanks surrounded by a large pit. It is averred that defendants have also driven large trucks and heavy vehicles over the land, cutting deep ruts and ditches therein. As a result of these actions plaintiffs claim damages.

A copy of the lease was attached to the petition. It provides that plaintiffs' tract (containing 10.84 acres) may be pooled with other lands in the immediate vicinity to make up units not to exceed 40 acres in size. The term of the lease is for a primary term of 90 days and "as long thereafter as oil, gas or other mineral is produced from said land or land with which said land is pooled hereunder." The land is leased and granted "for the purpose of investigating, exploring, prospecting, drilling and mining for and producing oil, gas and all other minerals, laying pipe lines, building roads, tanks,

power stations, telephone lines and other structures thereon, to produce, save, take care of, treat, transport and own said products and housing its (lessee's) employees."

The fifth paragraph of the lease reads as follows:

"5. Within the time limits above fixed, the lessees, their agents and employees shall have the right to go upon said lands and to prospect thereon for gas, oil, sulphur and other minerals at such location as shall be selected by lessees; provided, however, that no wells shall be bored or any operations under this lease conducted within 100 yards of any existing water well or building upon said premises without the written consent of lessors; and provided further, *that lessees shall pay lessors for all damages done in said operation to the lands, trees, shrubs or to any struc-. tures,* or to any livestock thereon, and, if any such damage be done by any agents, employees or licensees of lessees then lessees shall be liable to lessors for same, whether or not such agents, employees or licensees, at the time of occasioning such damage, are acting within the scope of their employment or license. In this connection, it is now agreed between lessors and lessees, that each tree located upon the premises having a trunk more than 10 inches in diameter at a point six feet above the surface of the grounds, shall be valued at the sum of $1,000.00, and it is agreed that such value shall be the measure of damages to be used· in the event of damage to any such tree.

Upon the completion of any well drilled upon the premises by lessees, or upon the abandonment of any such well, the surface of the ground appurtenant to said well shall be smoothed, and all excavations and slush pits shall be forthwith filled in by lessees; and the surface rights of lessors in said leased premises shall be impaired as little as reasonably possible. No storage tanks shall be erected under any tree now on said leased premises."

The trial court sustained defendants' exception, which asserted that the petition failed to "state a cause of action against defendants for the reason that in no part of plaintiffs' petition does the plaintiff allege the acts of defendants in its operation of the leased premises were not reasonably necessary for the proper·development of said leased premises, or that defendants had violated the terms of the lease agreement."

In our opinion, the trial court erred in sustaining the special exception. It has been held that absent a special clause relating to surface damage, the operator of an oil and gas lease (containing a similar granting or leasing clause to that contained in the present lease) has the right to use as much of the surface of the land, and to use it in such manner, as is reasonably necessary to effectuate the purposes of the lease. Placid Oil Co. v. Lee, Tex.Civ.App., 243. S.W.2d 860, and cases therein cited. However, if they so desire, the parties may by special contract provide that although the lessee has a right to use the surface of the land, he shall pay therefor or make the lessor whole for any damages done to the land or growing things situated thereon.

In fact, the use of surface damage clauses. has been suggested by legal writers, particularly in unitized leases where the surface damage is not borne equally by the various. landowners involved. See Cook, Rights. and Remedies of the Lessor and Royalty Owner under a Unit Opinion, Third Annual Institute on Oil and Gas Law and Taxation,. p. 101, 1.c. 118; 4 Summers Oil and Gas,. Perm. Ed., § 652.1 (Vol. 4, pocket part, p. 8).

We are unable to agree.with appellees' contention that the phrase, "All damages done in such operations" as used in paragraph 5, "in itself implies some negligence, unreasonableness or breach of contract." The clause sets up a contractual liability. The lessees agreed to pay lessor for injuries to their property independent of breach of contract or liability for tort. Morgan v. Echols, 201 La. 975, 10 So.2d 776.

For the error pointed out, the judgment is reversed and the cause remanded.