Richard M. FINDER, d/b/a Texkan Oil Company, Appellant,

v.

Fred STANFORD, Jr., Appellee.

No. 13801.

Court of Civil Appeals of Texas.

Houston.

Nov. 16, 1961.

---

* Now V.A.T.S. Tax-Gen. art. 1.04.

Kliewer & Roach, James S. Robertson, Jr., Dallas, for appellant.

Thomas R. Bell, Edna, for appellee.

WERLEIN, Justice.

Appellant, Richard M. Finder, d/b/a 'Texkan Oil Company, appeals from a judgment rendered against him by the court without a jury, in favor of appellee, a surface tenant, in the sum of $582, for damages sustained by appellee as a result of appellant's operations under an oil and gas lease.

No statement of facts has been filed herein. No findings of fact or conclusions of law were requested or made by the trial court. There are, however, certain recitals in the court's judgment which must be considered. The transcript includes the oil, gas and mineral lease dated November 10, 1956 covering the land upon which in 1959 appellee was given by the land owner, S. E. Williamson, an oral farm lease on a crop-sharing basis.

Appellee alleged that during the first part of 1960 he plowed and cultivated his surface lands preparatory to planting cotton and maize; that thereafter appellant placed a pipeline diagonally across appellee's land in such manner as to interfere with its drainage, and that appellant after storing drilling mud in storage tanks opened up both ends of the slush pit and allowed the mud to spread over and ruin approximately five acres of land on which appellee intended to plant his cotton crop, without regard to damage to the surface of the land.

The judgment of the court recites:

"Under the oil, gas and other minerals lease of November 10, 1956, Paragraph 6–a, under which the defendant has conducted his operations, provides that the defendant is obligated to pay all damages resulting from operations under the lease and these damages shall be paid to the lessor or to the tenant. The tenant has a property right which is separate and apart from the right of the land owner, or lessor, and there appears to be no reason for paying to the landlord damages to the tenant's estate."

" * * * Because of defendant's drilling operations at this particular site, plaintiff was prevented from selecting his best land and had to move his allotment to the west. His net

profit from the cotton was thus reduced by $390.00.

"The defendant's release of drilling mud from his pits and spreading same over plaintiff's land and the drilling operations around the well site reduced the yield of maize considerably. Some evidence showed that plaintiff's gas pipeline, constructed in a wet year, as it was, interfered with the natural drainage of the land and thus adversely affected the yield of the maize crop, and plaintiff's net loss here amounted to $192.00 under the facts."

The judgment concludes:

"It Is Therefore Ordered, Adjudged And Decreed that the Plaintiff, Fred Stanford, Jr. do have and recover of Richard M. Finder, d/b/a Texkan Oil Company the sum of Five Hundred Eighty-two & No/100 ($582.00) Dollars as damages under Paragraph 6–a of the operating lease, * * *."

Paragraph 6–a of the oil, gas and mineral lease in question provides:

"Lessee agrees to pay Lessor for all damages to crops, fences, live stock or other property of Lessor or their tenants, resulting from operations under this lease, and upon the abandonment of any well or the termination of this lease, to fill in and level out all slush pits or other excavations, and level off all mounds."

■ The court erred in decreeing that appellee recover under Paragraph 6–a of the lease since such paragraph clearly provides that the lessee agrees to pay the lessor damages to the property of lessor or lessor's tenants, and does not provide that lessee will pay anything to lessor's tenants. There is no allegation, proof or finding by the court of any assignment by the lessor to appellee of the lessor's contractual right to recover damages against appellant under the lease. The lessor was not a party to the suit. There is nothing in the record before us from which an assignment or right to sue by appellee on the contract can be presumed or implied.

The recitals in the judgment indicate that the court tried the case on the wrong theory. It is evident that the trial court was of the opinion that the suit could be maintained and damages recovered under Paragraph 6–a by appellee suing alone as a tenant for damages to the land or his part of the crop. This is not to say that a tenant may not bring a suit without joinder of the landlord to recover damages to his part of the crop when a suit sounding in tort is brought against the wrongdoer alleging acts of negligence or that more land was used for the drilling operation than was reasonably necessary. 17 Tex.Jur.2d, p. 42, Crops, § 56.

■ Appellee in his brief asserts that if the judgment can be sustained upon any theory in the case, it should be upheld by this Court. Such general rule is supported by authority in cases where applicable. It is predicated upon the theory that when no findings of fact are filed, it will be presumed that the trial court found the facts in such way as to support the judgment. La Force v. Bracken, Tex.Civ.App., 163 S.W.2d 239, aff'd 1943, 141 Tex. 18, 169 S.W.2d 465. In the instant case no findings of fact were filed, but the judgment of the court recites the facts and clearly shows that such judgment is based solely upon Paragraph 6–a of the lease. Rule 299, Texas Rules of Civil Procedure, which we think is applicable here, provides in part: "The judgment may not be supported upon appeal by a presumption of finding upon any ground of recovery or defense, no element of which has been found by the trial court; * * *." See Warren v. Haverkorn, Tex.Civ.App.1945, 191 S.W.2d 793; Carruth v. Valley Ready-Mix Concrete Co., Tex.Civ.App., 221 S.W.2d 584, error ref.

■ The law is well settled that where the lessee of the surface of land takes same subject to an oil and gas lease, the holder of

the oil and gas lease, in the absence of a specific clause relating to surface damages, has the right to use as much of the surface and in such manner as is reasonably necessary to effectuate the purpose of the lease. The lessee of the surface who seeks to recover damages in such case has the burden of alleging and proving either specific acts of negligence or that more land was used for the drilling operation than was reasonably necessary. Robinson Drilling Co. v. Moses, Tex.Civ.App.1953, 256 S.W.2d 650. See also Warren Petroleum Corporation v. Monzingo, Tex.S.Ct.1957, 157 Tex. 479, 304 S.W.2d 362; Meyer v. Cox, 252 S.W.2d 207, error ref.; Placid Oil Co. v. Lee, Tex. Civ.App., 243 S.W.2d 860; West Central Drilling Company v. Malone, Tex.Civ.App., 219 S.W.2d 601, and authorities there cited.

Appellee alleged in his petition that *under the oil, gas and mineral lease* appellant was liable for all surface damages occasioned to the tenant, " * * * and in addition thereto Defendant was negligent in opening the sludge pits and allowing the drilling mud to flow over and across and remain on the land being cultivated by plaintiff herein." With respect to the mud the judgment of the court merely recites: "The Defendant's release of drilling mud from his pits and spreading same over Plaintiff's land and the drilling operations around the well site reduced the yield of maize considerably." Nothing is stated here with respect to cotton nor does the court state what damage was caused to the maize crop by the release of mud. There is no finding of any element of recovery based upon negligence or the use of more land than reasonably necessary in the drilling operations. It is clear that the court based its judgment upon nothing other than Paragraph 6-a of the lease. If, however, we are mistaken in this conclusion and it may be presumed that the court based its judgment to any extent upon negligence, it would be necessary under the pleadings and the finding of the court, to limit the damage sustained as the result of negligence to damage in some unknown

amount to the maize crop resulting from release of mud.

Basing our opinion on the incomplete record before us, we are of the view that the court not only tried the suit upon the wrong theory, but that the case has not been fully developed, and for both such reasons it should be reversed and remanded.

Reversed and remanded.