HUMBLE OIL & REFINING COMPANY

v.

Johnnie D. WILLIAMS.

No. 259.

Court of Civil Appeals of Texas.

Tyler.

March 16, 1967.

Rehearing Denied April 13, 1967.

Frank L. Heard, Jr., Houston, for appellant.

Tucker, Senff & Adams, Tom P. Senff, Nacogdoches, for appellee.

SELLERS, Justice.

The appellee brought this suit against appellant seeking to recover damages to the surface of a certain tract of land in Nacogdoches County. In his petition, he made the following allegations:

"IV.

"That during the month of April and the month of May of the year of 1964 the DEFENDANT, without right, title and/or interest, the DEFENDANT willfully and intentionally tresspassed on and upon the above described tract of land; and,

"V.

"That DEFENDANT, by such willful tresspass, constructed a road 2,045 feet long at an average of 28 feet in width black-top construction to PLAINTIFF'S damage in the sum of ONE THOUSAND AND FIVE HUNDRED AND NO/100 DOLLARS ($1,500.00); and,

"VI.

"That DEFENDANT, by such willful tresspass, drove on and upon an area 555 feet long and averaging 9 feet in width through pasture and small timber land thereby causing ruts and depressions to PLAINTIFF'S damage in the sum of SEVEN HUNDRED AND FIFTY AND NO/100 DOLLARS ($750.00); and,

"VII.

"That DEFENDANT, by such willful tresspass, by driving on and upon pasture land created a road 50 feet in length and averaging 8 feet in width in pasture to PLAINTIFF'S damage in the sum of ONE HUNDRED AND FIFTY AND NO/100 DOLLARS ($150.00); and,

"VIII.

"That DEFENDANT, by such willful tresspass, by parking vehicles and equipment, and turning equipment into and on the pasture land did cause ruts and depressions in said pasture to PLAINTIFF'S damage in the sum of TWO HUNDRED AND FIFTY AND NO/100 DOLLARS ($250.00); and,

"IX.

"That DEFENDANT, by such willful tresspass, cut and destroyed growing pine trees in the number of 315 of the value of TWO AND 67/100 DOLLARS ($2.-67) each to PLAINTIFF'S damage in the sum of EIGHT HUNDRED FORTY ONE AND 25/100 DOLLARS (841.25).

"Wherefore, premises considered, PLAINTIFF demands that DEFENDANT be cited to appear herein; for final judgment in the sum of THREE THOUSAND FOUR HUNDRED NINTY ONE AND 25/100 DOLLARS ($3,491.25); for costs herein extended; for all other relief to which he may prove himself entitled."

The appellant, in its answer, denied generally the allegations contained in appellee's petition. The case was tried to the Court without a jury and resulted in a judgment for appellee in the sum of $550.00, to which judgment the appellant in open Court duly excepted and has prosecuted an appeal to this Court.

Appellant has but two assignments of error: (1) that "There is no evidence that defendant willfully trespassed on plaintiff's land."; and (2) that "There is no evidence to support any finding of damages occasioned by wrongful (tortious) conduct of defendant."

At the outset of the trial, the parties agreed that appellee owned the surface of the land and that appellant owned a valid oil and gas lease covering the same land.

The only evidence offered by appellee on the trial with respect to the damages above alleged was by appellee himself, and without undertaking to set out appellee's evidence, we deem it sufficient to sustain the allegations of his petition. Appellee's father likewise testified and corroborated appellee's testimony in some particulars. The only evidence offered by appellant was a number of photographs. At the close of the evidence and argument of counsel, the trial court made the following findings, to-wit:

"THE COURT: The Court having considered the evidence and argument of counsel in this cause, the Court is of the opinion that cause does exist under the pleadings notwithstanding the Warren Petroleum Company case. The Court is further of the opinion that the damages in this cause, from the evidence presented, in accord with the law pretaining to the case would recognize, of course, the theory of the defendant that they do have a right to the use of a reasonable amount of this land for a road, they are only liable to those damages which under their theory they have caused to the property, the nature of damages, of course, in this cause being on a before and after basis. The sum of five hundred and fifty dollars would be a reasonable sum of damages to this property, and it shall be the Judgment of the Court."

The Warren Petroleum Corp. v. Martin case, 153 Tex. 465, 271 S.W.2d 410, holds:

"The petitioner (oil and gas lessee) was lawfully in possession of the premises and being the owner of the dominant estate had the legal right to use so much of the leased premises as were reasonably necessary in its operation to the exclusion of respondent (surface lessee), the owner of the servient estate. * * *"

It is evident from the court's finding that it recognized the right of appellant to go upon the land, but to use only the amount of the surface reasonably necessary to develop the oil and gas estate, and recognizing this right of appellant, the Court still found that the appellee's surface estate had been damaged to the extent found by the court.

Our courts have defined a trespass to realty as follows:

"* * * The act causing injury to the realty of another, whether directly or indirectly, is a trespass. * * *" Tunstill v. Pacific Mid-Continent Corporation, Tex.Civ.App., 142 S.W.2d 594.

We find the word "willful" defined as follows:

"* * * The elements necessary to characterize an injury as wantonly or wilfully inflicted, are (1) knowledge of a situation requiring the exercise of ordinary care and diligence to avert injury to another, (2) ability to avoid the resulting harm by ordinary care and diligence in the use of the means at hand, * * *." Wright v. Carey et al, Tex. Civ.App., 169 S.W.2d 749.

There is evidence that the road was a black-topped hard surface road across appellee's land and that the County road leading to appellee's land was an ordinary gravel road; that more than 315 pine trees were destroyed in the construction of the road on appellee's land; and also that heavy trucks were driven out on to the pasture of appellee, leaving deep ruts. This evidence, in our opinion, presented a fact question for the Court to determine whether the appellant used more of the surface than was reasonably necessary to develop the mineral estate. Texaco Inc. v. Joffrion, Tex.Civ.App., 363 S.W.2d 827.

We are unable to say that the Court did not have evidence, as contended by appellant, to sustain its finding of damage to the land of appellee, and appellant's assignment is overruled.

Judgment of the trial court is affirmed.