**HUMBLE OIL & REFINING COMPANY,**
**Petitioner,**

v.

**Johnnie D. WILLIAMS, Respondent.**

**No. B–273.**

Supreme Court of Texas.

Oct. 25, 1967.

Frank L. Heard, Jr., Houston, for petitioner.

Tucker, Senff & Adams, Nacogdoches, for respondent.

GREENHILL, Justice.

This is a suit by the owner of the surface of a tract of land, Johnnie D. Williams, against the Humble Oil & Refining Company, the owner of a valid oil and gas lease, for damages to the surface. Humble's lease had been obtained from Williams' predecessor in title, and Williams bought the land subject to the lease. Williams alleged a willful trespass, and his recovery is based on an alleged use by Humble of more of the property than was reasonably necessary for its operations. Trial was to the court without a jury. Williams recovered a judgment for $550, and Humble appealed. The Court of Civil Appeals at Tyler affirmed. 413 S.W.2d 413.

The Humble lease, among other things, gave it the right to enter upon the land for the purpose of drilling, exploring, mining, producing and removing oil from the property. It also authorized Humble to build roads upon the premises. The evidence set out below is relied upon by Williams to show a trespass to his land; i. e., to support the implied finding of fact by the trial court that Humble used more of the land than was reasonably necessary for the above authorized purposes.

The statement of facts is relatively brief. The land involved is a 79.06 acre tract located approximately fifteen miles northwest of Nacogdoches. Humble drilled a well on the property and had constructed a road across the property from a gravel county road to the well site. Williams testified that the road was about 2,300 feet long and 30 feet wide. It had a gravel base but had been "black-topped"; i. e., it had some sort of an oil based surface over the gravel. The road was built up about twenty inches, perhaps two feet, above the surrounding land. It ran in a generally northerly direction from the county road and some fifty feet from Williams' side fence. It had a slight curve before coming to the well site. Williams drew a diagram of his land and the road on a blackboard in the courtroom; and he referred to places and directions as "down here," "over there," and "this direction here." No map is in the record, and we are unable definitely to relate the testimony to the location of the road and other items on the ground.

There was evidence that the road had been built in the general direction that Williams previously had used to get from the county road to the area of the well site. He said his tire tracks could have been seen if one had looked before it rained.

Pictures in evidence showed some small pine trees which bordered on an area of some large pine trees. Williams had not planted the trees; they were there when he purchased the property. Williams testified that Humble, in building the road, cut or pushed over some of the smaller trees, trees of a diameter of two inches or less. He counted 315 such trees, and testified that they were worth $2.67 cach. Pictures introduced by Humble show the road going through the trees.

Williams testified also that there is an area off of the road which Humble's trucks had used for the purpose of parking and turning around. He said the trucks had made ruts up to a foot deep in such parking and turning area.

Williams did not live on the land, but he had two chicken houses there. He also used the land for grazing and had fertilized it. He testified that the road interfered with his working of the pasture; that the use of his mechanized equipment was impaired by the existence of the road. He considered the road a nuisance. Moreover, when Humble's trucks drove over his cattle guard, they spilled some oil. The spilled oil then became mixed with dirt, and his cattle guard had become ineffective to the extent that he had been required to chase and recover cattle from time to time. He did not, however, allege any negligent action in this regard. Using "before" and "after" figures, he testified that his land was worth approximately $3,500 less because of the existence of the road.

The oil and gas lease gave Humble and dominant estate. The lessee had the right to use as much of the premises, and in such a manner, as was reasonably necessary to comply with the terms of the lease and to effectuate its purposes. Warren Petroleum Corp. v. Martin, 153 Tex. 465, 271 S.W.2d 410 (1954); Warren Petroleum Corp. v. Monzingo, 157 Tex. 479, 304 S.W.2d 362, 65 A.L.R.2d 1352 (1957), Brown v. Lundell, 162 Tex. 84, 344 S.W.2d 863 (1961); Keeton and Jones, Tort Liability and the Oil and Gas Industry, 35 Texas Law Review 1 (1956). A person who seeks to recover from the lessee for damages to the surface has the burden of alleging and proving either specific acts of negligence or that more of the land was used by the lessee than was reasonably necessary. Warren Petroleum Corp. v. Monzingo, cited just above; Robinson Drilling Co. v. Moses, Tex.Civ.App.1953, 256 S.W.2d 650, no writ; Finder v. Stanford, Tex. Civ.App.1961, 351 S.W.2d 289, no writ. It has been held that the parties may provide in the lease agreement that the lessee shall

pay for damages to land, trees and cattle, and that such provisions are enforceable whether are not the damage or destruction is occasioned by a reasonable use of the land. Meyer v. Cox, Tex.Civ.App.1952, 252 S.W.2d 207, writ refused. The lease in question contained no such provision.

The plaintiff Williams had no pleadings and introduced no proof of negligence, and there is no proof that Humble used more of the land than was reasonably necessary to conduct its operations. The lease itself authorized Humble to enter the land and build the road. There is no proof that the road was unnecessary or could have been built in a less damaging manner. There is no proof that the road would have sufficed for Humble's purposes had it been gravel instead of hard top, or narrower, or that it could have been built without destroying as many trees.

Humble, by necessary implication, had the right to use its trucks on the road. There is no evidence that it was unnecessary for the trucks to park or to turn around in the area where they did, or that they used more area in parking or turning than was reasonably necessary. Nor is there evidence that the trucks made longer or deeper ruts than were reasonably necessary.

Williams' testimony that the road interfered with his grazing operations and was a nuisance to him is not evidence that the road was not reasonably necessary. His testimony that because of the road his land was worth $3,500 less does not supply proof of the necessary elements here. The $3,500 figure does not relate to damages from an excessive, unnecessary, or unreasonable use of the property; it relates to the road itself which Humble had the right to build.

The judgments of the courts below are reversed, and judgment is here rendered that the plaintiff Williams take nothing.