NO. 07-00-0225-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JANUARY 16, 2002
_____

H.B. TAYLOR, JR,

Appellant

v.

BRIGHAM OIL & GAS, L.P.,
BRIGHAM LAND MANAGEMENT,
and VERITAS GEOPHYSICAL, LTD.,

Appellees
_____

FROM THE 31ST DISTRICT COURT FOR WHEELER COUNTY;

NO. 10,341; HON. STEVEN R. EMMERT, PRESIDING
_____

Before BOYD, C.J., QUINN and REAVIS, JJ.

H.B. Taylor, Jr. (Taylor), appeals from a final summary judgment entered in favor of Brigham Oil and Gas, L.P., and Brigham Land Management (collectively referred to as Brigham) and Veritas Geophysical, Ltd. (Veritas). The dispute arose from entry by Veritas onto land, the surface of which Taylor owned. Veritas so entered the premises to conduct seismic exploration on behalf of Brigham. The three points of error before us involve 1) the authority to enter upon the lands, 2) unreasonably exceeding the extent of the

permission or the commission of negligence once entry was gained, and 3) punitive damages.[1]  We affirm the judgment.

### *Background*

Brigham and Veritas sued Taylor for declaratory and injunctive relief.  Taylor had leased the land in question for mineral exploration.  Brigham obtained permission from a minority working interest owner to conduct seismic exploration upon the property and engaged Veritas to perform the work.  However, Taylor refused them entry, threatening to meet them with a shotgun.  Thus, Brigham and Veritas sued.

Upon joining issue, Taylor counterclaimed for damages.  By that time, Veritas had entered upon the realty and conducted the operations desired.  According to Taylor, however, the exploration encroached upon more of the surface than was reasonably necessary.  So too did Taylor allege that Veritas not only negligently damaged portions of the surface estate but did so with malice.  Brigham and Veritas subsequently moved for summary judgment, contending that 1) it had a right to enter the property to conduct seismic operations and 2) Taylor had no evidence evincing that they breached any duty owed him or acted with malice.  The trial court agreed, granted the motion, and entered summary judgment in favor of Brigham and Veritas.

### *Points One and Two*

Though Taylor contended below that neither Brigham nor Veritas had permission to enter, he modifies his argument on appeal.  Through point one, he now posits that the

---

[1]A fourth ground concerned the entitlement of Brigham and Veritas to attorney's fees.  That particular claim, however, was the subject of a notice to non-suit.  Thus, it is not before us, and we need not consider it.

extent of their authority did not include the right to traverse the surface estate more than was reasonably necessary or to negligently damage the surface estate.[2] Moreover, his second point covers the same subject. That is, through it, he believes that he presented sufficient evidence to create an issue of fact regarding whether the entities acted unreasonably. Given the similarity between the two issues, we address them together and, upon doing so, overrule them.

*Standard of Review*

The standard of review applicable to no evidence summary judgments is well-settled. We find it sufficient to merely cite the litigants to *Kimber v. Sideris,* 8 S.W.3d 672, 675 (Tex. App. – Amarillo 1999, no pet.).

Furthermore, to the extent that one has a right to enter upon the surface estate to explore for oil and gas, the right is not necessarily absolute. Unless the parties agree otherwise, the entity performing the exploration may not commit negligence nor use more of the surface than reasonably necessary. *Humble Oil & Refining Co. v. Williams*, 420 S.W.2d 133, 134 (Tex. 1967); *Oryx Energy Co. v. Shelton*, 942 S.W.2d 637, 641 (Tex App.--Tyler 1996, no writ). Yet, evidence that damage occurred to the surface while exploring for minerals alone is not evidence of negligence or unreasonably excessive use. This is so because of the nature of the estates involved and the correlative rights and liabilities accompanying them.

---

[2]Taylor may have altered his argument because he admitted, via responses to request for admissions, that "Brigham had the right to enter the land for the purpose of conducting seismic or geographical tests . . . ." And, although this admission does not encompass the authority of Veritas to enter the premises, Taylor does not argue on appeal that Veritas lacked such authority. Again, he merely asserts that it could not act unreasonably in conducting the operations.

The execution of a mineral lease not only severs the minerals from the surface but also creates dominant and servient estates. The entity that owns the minerals enjoys the dominant estate. *Tarrant County Water Control & Improv. Dist. v. Haupt, Inc.*, 854 S.W.2d 909, 911 (Tex. 1993) (stating that the mineral estate is the dominant estate). Furthermore, ownership of the dominant estate carries with it the right to enter and extract the minerals and "all other such incidents thereto as are necessary to be used for getting and enjoying" the minerals. *Id.* And, incident to the right to extract is the right to explore. *Id.* More importantly, if in pursuing these rights, the servient estate is susceptible to use in only one manner, then the owner of the dominant estate may pursue that use irrespective of whether it results in damage to the surface. *Id.*; *Getty Oil Co. v. Jones*, 470 S.W.2d 618, 622 (Tex. 1971). In other words, if particular damage to the surface estate cannot reasonably be avoided in legitimately pursuing the rights of the dominant estate, the owner of the dominant estate is not liable for the damage.

Thus, the mere fact of damage to the surface does not evince unreasonable conduct. *See Ball v. Dillard,* 602 S.W.2d 521, 523 (Tex. 1980). Instead, it is encumbent upon the surface owner to establish that the dominant estate owner failed to use reasonable care in pursuing its rights or that the rights could have been pursued through reasonable alternate means sufficient to achieve the goal desired but without the damage. *Tarrant County Water Control & Improv. Dist. v. Haupt, Inc.*, 854 S.W.2d at 91. Simply put, the servient estate owner must prove that its opponent failed to act reasonably given the correlative rights and liabilities involved.

4

*Application of Standard*

Here, Taylor alleges that Brigham and Veritas were unreasonable in the manner in which they performed the seismic work. This is allegedly so because in using the equipment they did (vibraseisors) and the manner in which they used it, they purportedly traversed 16 miles of surface land as opposed to four, drove over the contours of each canyon, removed or damaged 75 to 80 feet of fencing, created "unordinary ruts," cut grass and other plant life off of hillsides which caused "[c]onsiderable erosion," and "cut the top off" of hills 'they had gone up.'" Additionally, the damage caused by this round of seismic exploration was greater than that caused previously, according to Taylor. Yet, aside from the general allegation that three dimensional seismic exploration was performed and that vibraseisors were utilized, no evidence appears of record describing what three dimensional seismic exploration reasonably entails. Nor does evidence appear illustrating the extent of the goals sought to be achieved through the exploration, what effort was reasonably necessary to achieve them, whether they could have been achieved through alternate, reasonable means which would not have resulted in any of the alleged damage described above, that the damage allegedly committed was not the reasonable result of the activities undertaken, or that the acts of either Brigham or Veritas were unreasonable.[3]

---

[3]To the extent that Taylor opined that the "damage done [by the seismic operations at issue was] greater than that done during previous seismic operations" and that the damage was "clearly more extensive than damage done by other seismic operations which [he was] familiar" does not fill the void. Aside from such statements being little more than conclusory opinion lacking probative value, *Cox v. Bancoklahoma Agri-Service Corp.*, 641 S.W.2d 400, 402 (Tex. App.–Amarillo 1982, no writ) (holding that summary judgment evidence must be in a form admissible at trial and state fact as opposed to subjective opinion and conclusion), nothing illustrates the nature and extent of the previous explorations or their reasonableness. Without such evidence, one cannot reasonably compare them with the exploration at bar to determine whether an issue of fact exists regarding the reasonableness of the exploration at bar.

5

Simply put, all we have before us is evidence of the purported damage arising from the activities of Brigham and Veritas, and as previously mentioned, proof of damage is not evidence of unreasonable care or conduct. And, because there exists no evidence illustrating unreasonable care or conduct on the parts of Brigham or Veritas, the trial court was authorized to grant summary judgment on that particular ground (as requested by the two companies). That is, it was entitled to grant summary judgment upon Taylor's claim of negligence and unreasonably excessive use of the surface estate.[4]

Accordingly, we affirm the summary judgment.

Brian Quinn
Justice

Do not publish.

---

[4]Because the trial court was so authorized, no actionable misconduct has been established upon which to assess punitive damages. Thus, we need not consider Taylor's third and last point of error involving whether he presented evidence sufficient to create an issue of fact regarding his entitlement to such damages.