NO. 07-08-0044-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



FEBRUARY 12, 2008


 ______________________________



ANDRE DION CUNNINGHAM, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;



NO. 18352-B; HONORABLE JOHN B. BOARD, JUDGE


_______________________________




Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

MEMORANDUM OPINION


 Appellant Andre Dion Cunningham filed a pro se notice of appeal from his criminal
conviction. (1) Now pending before the Court is appellant's motion to dismiss his appeal, also
filed pro se. The motion is signed by appellant. In this circumstance, we find the motion
meets the requirements of Rule 42.2(a) of the Texas Rules of Appellate Procedure. No
decision having been delivered to date, we grant the motion. Accordingly, the appeal is
dismissed. No motion for rehearing will be entertained and our mandate will issue
forthwith. 


 James T. Campbell

 Justice





Do not publish.

1. Appellant was represented by retained counsel at trial.


injunctive relief. Taylor had
leased the land in question for mineral exploration. Brigham obtained permission from a
minority working interest owner to conduct seismic exploration upon the property and
engaged Veritas to perform the work. However, Taylor refused them entry, threatening to
meet them with a shotgun. Thus, Brigham and Veritas sued. 

 Upon joining issue, Taylor counterclaimed for damages. By that time, Veritas had
entered upon the realty and conducted the operations desired. According to Taylor,
however, the exploration encroached upon more of the surface than was reasonably
necessary. So too did Taylor allege that Veritas not only negligently damaged portions of
the surface estate but did so with malice. Brigham and Veritas subsequently moved for
summary judgment, contending that 1) it had a right to enter the property to conduct
seismic operations and 2) Taylor had no evidence evincing that they breached any duty
owed him or acted with malice. The trial court agreed, granted the motion, and entered
summary judgment in favor of Brigham and Veritas.

Points One and Two


 Though Taylor contended below that neither Brigham nor Veritas had permission
to enter, he modifies his argument on appeal. Through point one, he now posits that the
extent of their authority did not include the right to traverse the surface estate more than
was reasonably necessary or to negligently damage the surface estate. (2) Moreover, his
second point covers the same subject. That is, through it, he believes that he presented
sufficient evidence to create an issue of fact regarding whether the entities acted
unreasonably. Given the similarity between the two issues, we address them together and,
upon doing so, overrule them.

 Standard of Review

 The standard of review applicable to no evidence summary judgments is well-settled. We find it sufficient to merely cite the litigants to Kimber v. Sideris, 8 S.W.3d 672,
675 (Tex. App. - Amarillo 1999, no pet.).

 Furthermore, to the extent that one has a right to enter upon the surface estate to
explore for oil and gas, the right is not necessarily absolute. Unless the parties agree
otherwise, the entity performing the exploration may not commit negligence nor use more
of the surface than reasonably necessary. Humble Oil & Refining Co. v. Williams, 420
S.W.2d 133, 134 (Tex. 1967); Oryx Energy Co. v. Shelton, 942 S.W.2d 637, 641 (Tex
App.--Tyler 1996, no writ). Yet, evidence that damage occurred to the surface while
exploring for minerals alone is not evidence of negligence or unreasonably excessive use. 
This is so because of the nature of the estates involved and the correlative rights and
liabilities accompanying them. 

 The execution of a mineral lease not only severs the minerals from the surface but
also creates dominant and servient estates. The entity that owns the minerals enjoys the
dominant estate. Tarrant County Water Control & Improv. Dist. v. Haupt, Inc., 854 S.W.2d
909, 911 (Tex. 1993) (stating that the mineral estate is the dominant estate). Furthermore,
ownership of the dominant estate carries with it the right to enter and extract the minerals
and "all other such incidents thereto as are necessary to be used for getting and enjoying"
the minerals. Id. And, incident to the right to extract is the right to explore. Id. More
importantly, if in pursuing these rights, the servient estate is susceptible to use in only one
manner, then the owner of the dominant estate may pursue that use irrespective of
whether it results in damage to the surface. Id.; Getty Oil Co. v. Jones, 470 S.W.2d 618,
622 (Tex. 1971). In other words, if particular damage to the surface estate cannot
reasonably be avoided in legitimately pursuing the rights of the dominant estate, the owner
of the dominant estate is not liable for the damage. 

 Thus, the mere fact of damage to the surface does not evince unreasonable
conduct. See Ball v. Dillard, 602 S.W.2d 521, 523 (Tex. 1980). Instead, it is encumbent
upon the surface owner to establish that the dominant estate owner failed to use
reasonable care in pursuing its rights or that the rights could have been pursued through
reasonable alternate means sufficient to achieve the goal desired but without the damage. 
Tarrant County Water Control & Improv. Dist. v. Haupt, Inc., 854 S.W.2d at 91. Simply put,
the servient estate owner must prove that its opponent failed to act reasonably given the
correlative rights and liabilities involved. 


 Application of Standard

 Here, Taylor alleges that Brigham and Veritas were unreasonable in the manner in
which they performed the seismic work. This is allegedly so because in using the
equipment they did (vibraseisors) and the manner in which they used it, they purportedly
traversed 16 miles of surface land as opposed to four, drove over the contours of each
canyon, removed or damaged 75 to 80 feet of fencing, created "unordinary ruts," cut grass
and other plant life off of hillsides which caused "[c]onsiderable erosion," and "cut the top
off" of hills 'they had gone up.'" Additionally, the damage caused by this round of seismic
exploration was greater than that caused previously, according to Taylor. Yet, aside from
the general allegation that three dimensional seismic exploration was performed and that
vibraseisors were utilized, no evidence appears of record describing what three
dimensional seismic exploration reasonably entails. Nor does evidence appear illustrating
the extent of the goals sought to be achieved through the exploration, what effort was
reasonably necessary to achieve them, whether they could have been achieved through
alternate, reasonable means which would not have resulted in any of the alleged damage
described above, that the damage allegedly committed was not the reasonable result of
the activities undertaken, or that the acts of either Brigham or Veritas were unreasonable. (3) 


 Simply put, all we have before us is evidence of the purported damage arising from
the activities of Brigham and Veritas, and as previously mentioned, proof of damage is not
evidence of unreasonable care or conduct. And, because there exists no evidence
illustrating unreasonable care or conduct on the parts of Brigham or Veritas, the trial court
was authorized to grant summary judgment on that particular ground (as requested by the
two companies). That is, it was entitled to grant summary judgment upon Taylor's claim
of negligence and unreasonably excessive use of the surface estate. (4) 

 Accordingly, we affirm the summary judgment.


 Brian Quinn

 Justice



Do not publish.
1. A fourth ground concerned the entitlement of Brigham and Veritas to attorney's fees. That particular
claim, however, was the subject of a notice to non-suit. Thus, it is not before us, and we need not consider
it. 
2. Taylor may have altered his argument because he admitted, via responses to request for admissions,
that "Brigham had the right to enter the land for the purpose of conducting seismic or geographical tests . .
. ." And, although this admission does not encompass the authority of Veritas to enter the premises, Taylor
does not argue on appeal that Veritas lacked such authority. Again, he merely asserts that it could not act
unreasonably in conducting the operations. 
3. To the extent that Taylor opined that the "damage done [by the seismic operations at issue was]
greater than that done during previous seismic operations" and that the damage was "clearly more extensive
than damage done by other seismic operations which [he was] familiar" does not fill the void. Aside from such
statements being little more than conclusory opinion lacking probative value, Cox v. Bancoklahoma Agri-Service Corp., 641 S.W.2d 400, 402 (Tex. App.-Amarillo 1982, no writ) (holding that summary judgment
evidence must be in a form admissible at trial and state fact as opposed to subjective opinion and conclusion),
nothing illustrates the nature and extent of the previous explorations or their reasonableness. Without such
evidence, one cannot reasonably compare them with the exploration at bar to determine whether an issue of
fact exists regarding the reasonableness of the exploration at bar. 
4. Because the trial court was so authorized, no actionable misconduct has been established upon
which to assess punitive damages. Thus, we need not consider Taylor's third and last point of error involving
whether he presented evidence sufficient to create an issue of fact regarding his entitlement to such damages.